JOHANN VS. RUFENER, Garnishee.

GARNISHMENT. *Order to pay money into court—When payment of the money by garnishee to third party will not excuse.*

1. While a garnishee suit to recover *specific moneys* in the garnishee's hands alleged to belong to the principal debtor, was pending here on appeal, the plaintiff presented to this court an affidavit to the effect that the judgment debtor was a nonresident of this state, and utterly insolvent; that the garnishee was in greatly embarrassed circumstances, and was disposing of his property preparatory to removing from the state; and that, unless restrained by the court, he would take with him the moneys in controversy, and leave plaintiff remediless. Thereupon (plaintiff's motion therefor not being opposed) an order was made requiring the garnishee to pay said moneys into this court. It is now *held* that such order was rightly made.

2. The fact that garnishee has since paid a part of said moneys to one R., another creditor of the principal debtor, who recovered judgment against said garnishee in a garnishee proceeding commenced subsequently to the present one, in justice's court, and affirmed by the circuit court on *certiorari* to the justice — *held* to be no ground for vacating said order so far as it affects the money so paid to R.

3. It was the garnishee's duty to exhaust all legal means to avoid a judgment against him in the R. suit; and he should have appealed from the justice's judgment, instead of merely taking it up by a *certiorari*, and should have applied to the circuit court for a stay of proceedings in such suit, on proof that the present one was first commenced.

4. Nor is the fact that the garnishee, at the request of the principal debtor, has paid the remainder of said moneys to the wife of the latter, (who claims to own it in her own right), any ground for vacating said order.

5. It makes no difference that said payments were made honestly and under the advice of counsel, if they were made *unlawfully*.

6. If, on trial of the issue herein, the garnishee proves that R.'s claim had precedence, he will defeat the action *pro tanto;* and if plaintiff fails to show that said moneys belong to the judgment debtor, the action will be defeated entirely.

7. On remanding the cause to the circuit, this court modifies said formed order so as to require the garnishee to pay said moneys *into the circuit court*, or to file therein an undertaking with sufficient surety (approved by the circuit judge) to pay over the same when required by the order or judgment of that court.

APPEAL from the Circuit Court for *Fond du Lac* County.

While this cause was pending in this court and before it was decided, the plaintiff presented an affidavit to the court setting forth that the judgment debtor is a nonresident of this state and is utterly insolvent; that the garnishee is in greatly embarrassed circumstances, and is disposing of his property preparatory to removing from the state; and that he will, unless restrained by the court, take with him the specific money in controversy, and leave the plaintiff remediless. On this affidavit the plaintiff moved for an order restraining the garnishee from taking such money out of the state, and requiring him to pay the same into court. The motion was unopposed, and the order prayed for was made.

The defendant garnishee now moves that this order be vacated, founding his motion upon an affidavit which does not controvert the above averments of the affidavit upon which the former motion was based, but which states that out of the money in controversy he paid $180 on account of a judgment recovered against him as garnishee of Christian Rufener, before a justice of the peace, by one Rosenheimer, and affirmed by the circuit court on *certiorari*; that he paid the balance of such money to the wife of the judgment debtor, Catharine Rufener, at the request of the former, while the action was still pending in the circuit court; and that he made these payments under advice of counsel. The counter affidavits read on the hearing

of the motion to vacate, show that the garnishee summons in this action was served before the action of Rosenheimer was commenced, and that no application was ever made to the court by the respondent to stay proceedings in the latter action until the decision of this case.

*Fred. O. Thorpe*, for the motion, argued that the *intent to defraud* creditors in the removal or disposition of property is an essential fact to be shown to sustain such an injunction as that granted in this case (*Malley v. Altman*, 14 Wis., 22; *Almy v. Platt*, 16 id., 169); that when all the equities of the application are denied under oath, the injunction will be dissolved (*Smith v. City of Appleton*, 19 Wis., 468; *Schoeffler v. Schwarting*, 17 id., 30); and that there is no good reason why this rule should not apply where the averments and denials are made in affidavits, as well as where they are made in verified pleadings; that the order should be modified, at least, so far as not to require the respondent to pay or secure the amount paid by him on the Rosenheimer judgment; and that the facts shown in respondent's affidavit justified him in believing that the action was at an end, and in paying the balance then in his hands to Mrs. Rufener.

*N. S. Gilson*, *contra*, argued that the cases in 14 Wis., 22, and 16 id., 169, hold that injunctions may be granted in garnishee suits where it appears that defendant is doing or threatening some act in violation of plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual; that these decisions are based upon the *first* part, and not upon the *last* part of sec. 2, ch. 129, R. S.; that it was not necessary, therefore, for plaintiff to show an intent to defraud creditors on the part of the garnishee; and that, after the commencement of this action, the money in defendant's possession was *in custodia legis*, being held by defendant as agent for the court, and the court could change the custody at any time when the property was in danger of being lost. *Orton v. Noonan*, 27 Wis., 572, 582. 2. He further argued that the respondent's

acts in permitting a subsequent suit to go to judgment, and paying such judgment and paying the balance to Mrs. Rufener, would not discharge his liability to the plaintiff, nor excuse him from obeying the former order of this court. *Prentiss v. Danaher*, 20 Wis., 311; Drake on Attachment, § 453.

LYON, J. This proceeding was not instituted to recover a *debt* owing by the garnishee to the judgment debtor, but to reach *specific money*, conceded to have been in the hands of the garnishee when he was summoned as such, and which money, it is claimed, belonged to the judgment debtor.

The proofs upon which the order which the garnishee seeks to have vacated, was made, clearly show that he was about to do acts in violation of the plaintiff's rights respecting the subject of the action, and tending to render ineffectual any judgment which the plaintiff might obtain. As the case then stood it was clearly a proper one for the interposition of the court by injunction, to prevent the threatened mischief. But an injunction which should merely restrain the garnishee from taking the money out of the state, would be a very inadequate remedy, because it would not be violated until he had passed beyond the jurisdiction of the court, and the court would be left powerless to punish him. Hence the only mode by which the court could fully protect the plaintiff was to award a mandatory injunction, which not only restrained the garnishee from taking the money out of the state, but also required him to pay the same into court. Hence the order was properly made.

Do the affidavits read on the hearing of the motion to vacate show any sufficient grounds for vacating the order? We think not. It was the duty of the garnishee in the Rosenheimer case to exhaust all legal means to avoid a judgment against him therein. This he failed to do. After the justice had given judgment against him, instead of removing the same to the circuit court by *certiorari*, which only raised the question of jurisdiction, he should have appealed, and the circuit court, being

informed of the fact that the garnishee summons in this action was first served, and on proper application therefor, would have stayed proceedings in the Rosenheimer case until the final determination of this action. *Prentiss v. Danaher*, 20 Wis., 311; *Danaher v. Prentiss*, 22 id., 317, 319. The payment to Mrs. Rufener was entirely voluntary. We have pointed out, in the opinion in this case, the way in which he might have relieved himself from all liability to her, in case the money belonged to her. Both these payments were, in one sense, made in his own wrong, and he can have no benefit of them in this action. Whether they were made fraudulently, or whether honestly, and under advice of counsel, is quite immaterial. Unless lawfully made, they cannot affect the rights of the plaintiff. If, on the trial of the issue, the garnishee proves that Rosenheimer's claim has precedence, he will defeat the action *pro tanto;* and if the plaintiff fails to show that the money in controversy belongs to the judgment debtor, the action will be defeated entirely. But until that time the payments made by him, under the circumstances as they are made to appear to the court by the affidavits before mentioned, cannot avail the garnishee.

The motion must be denied. But, inasmuch as the cause has been decided and is to be remanded to the circuit court, we have thought proper to so modify the order that the garnishee be required to pay the money into the circuit court, or, instead thereof, that he file in that court an undertaking, with sufficient surety to be approved by the court or judge, that he will pay over the same when required so to do by the order or judgment of the circuit court.

*By the Court.*— So ordered.