## Pierce vs. The Chicago & Northwestern Railway Company.

**Garnishment: Exemption: Corporation.** (1) *Duty of garnishee as to property exempt from execution.* (2) *Presumption as to exemption laws of another state.* (3) *When corporation held domestic, in garnishee proceedings.* (4) *Duty of garnishee to notify principal debtor.* (5) *Application of rules to foreign corporation, not decided.* (6) *The case stated; garnishee not protected by previous judgment.*

1. A garnishee who knows that the property of the attachment debtor in his possession, or the money which he owes such debtor, is by law exempt from attachment and execution, must bring that fact to the notice of the court; otherwise the judgment against such garnishee, and satisfaction thereof, will not bar an action against him by the attachment debtor. So *held* in a case where the principal debtor was not personally served with process in the attachment suit, and had no notice either of that suit or of the proceeding in garnishment.
2. Under the laws of Wisconsin, "the earnings of all married persons or persons who have to provide for the entire support of a family" in this state for the sixty days next preceding the issue of any process against them, are exempt from levy, seizure or sale upon such process, and cannot be garnished on attachment. And *it seems* that

where that question arises in any case, it must be presumed, in the absence of proof, that the laws of Illinois are similar to our own in that respect.

3. Where a corporation existing under the laws both of Wisconsin and of another state, has been garnished in the latter state, in an attachment suit against a resident of Wisconsin, and has suffered and satisfied a judgment against it as garnishee, and is afterwards sued in Wisconsin by the attachment defendant, for the same property or indebtedness for which it was thus garnished, it must be treated in such action as a *domestic corporation*, and presumed to know the exemption laws of Wisconsin.

4. In such a case, the proceedings in attachment being *ex parte*, without service of process on the attachment debtor or notice to him of the action, it is the duty of the garnishee corporation, in order to protect itself, to notify the debtor of the pendency of the proceedings in garnishment, and request him to defend.

5. Whether the rules above stated would be different with respect to a merely *foreign* corporation, is not here decided.

6. P., a resident of Wisconsin, had a claim for wages (which by the laws of this state was exempt from attachment and from garnishment) against a railroad company existing under charters from this state and from Illinois. In attachment suits brought against P. in Illinois, said company was garnished for the amount of its indebtedness to him. There was no personal service upon P. of any summons, or notice of any process; and he had no actual notice of any of the proceedings, and did not appear in any manner therein. Judgments were recovered against him and also against the defendant company as garnishee; and the company satisfied the judgment against it. Afterwards this action was brought by P. against the company, upon his said claim. *Held*, that it was the duty of the company, in the garnishee proceedings, to exhaust all means to avoid a judgment against it, and, for this purpose, to bring to the notice of the court the fact that P.'s claim was exempt; or to notify P. of the proceedings, and request him to defend; and having failed to do either of these things, it is not protected in this action by the judgment in garnishment against it, and the satisfaction thereof.

APPEAL from the Circuit Court for *Winnebago* County.

Action to recover wages alleged to be due to plaintiff from defendant. Defense, that defendant had been garnished in another state in certain actions against plaintiff; that judgment had been rendered against defendant in such garnishee pro-

Pierce vs. The Chicago & Northwestern Railway Company.

ceedings, which judgment it had paid and satisfied. The facts are stated in the opinion. Judgment for plaintiff; from which defendant appealed.

*Gabe Bouck*, for appellant, argued that a judgment against a garnishee, and satisfaction thereof, is a bar to future proceedings. Drake on Att., § 706 et seq., and cases cited; Bigelow on Estoppel, 70 et seq., and cases cited. And it matters not that the garnishee proceedings were in a foreign court. The defendant corporation, having an existence in Illinois, was liable to be sued there at any time; and when so sued, it must be governed by the laws of Illinois. When garnished in Illinois, it could only respond as to the question of indebtedness. If indebted, it devolved upon the Illinois court to say whether, under the laws of Illinois, it was exempt, or was liable to pay the debt. The exemption of wages is a personal right, existing only by virtue of a particular law in Wisconsin. When personal property is taken by attachment within a state, the proceeding is valid in all the states; and the same rule is applied to debts of nonresidents, which are subjected to like process under the local laws of the state. Story on Conflict of Laws, § 549; *Bissel v. Briggs*, 9 Mass., 462; *Andrews v. Herriot*, 4 Cow., subd. 8 of note on p. 521; *Holmes v. Remsen*, 20 Johns., 229. Exemption goes to the remedy, and that is governed by the *lex fori*. While such a judgment as that here relied upon in defense is not held valid as a personal judgment, it is valid *in rem*. Actions and judgments on garnishee proceedings are considered as proceedings *in rem*. The effect in this state of a judgment rendered in another is to be determined by its effect in the courts of the state where rendered. *Bumagan v. Chew*, 4 Green (N. J.), 130; *Carruthews v. Corbin*, 38 Ga., 75. At first blush it may appear that respondent should not be deprived of his exemption. But the independent relation of the states, the independence of the courts of each of the states, the comity that must necessarily exist between the different states, and between their courts, as well as

the faith and credit which must necessarily be given by the courts of the different states to each other's adjudications — all unite to render it unavoidable that these judgments should be recognized, and the rights thereby asserted should be sustained, notwithstanding the apparent hardship which they may work.

*Jackson & Halsey, contra,* argued that unless *Pierce* had property in Illinois which was attached by the proceedings in Chicago, the judgments rendered there were a mere nullity. *Jarvis v. Barrett,* 14 Wis., 591. A *chose in action* is regarded as having a locality where it arose and is payable. There must, therefore, have been in Illinois some of *Pierce's* property, or chattels to be attached, or some indebtedness from the company upon a cause of action arising in Illinois and payable there, and which is not exempt from attachment, or the court there could not acquire jurisdiction, even as to that particular chattel or specific chose in action. *Brauser v. New England Fire Ins. Co.,* 21 Wis., 506. 2. Plaintiff's wages, attached in Illinois, were exempt by law here. Tay. Stats., 1553, § 40 ; *Burlander v. Mil. & St. P. R'y Co.,* 26 Wis., 76. Nothing appearing to the contrary, the presumption is that the laws of Illinois are the same as our own. *Rape v. Heaton,* 9 Wis., 328. 3. Every person is held to a knowledge of the law. The defendant company knew the wages sued for here were exempt, and that nothing was due *Pierce* in Illinois, and was bound to set up such defense in its answer in the garnishee case. *Gates v. Kirbey,* 13 Mo., 157 ; *Winterfield v. Mil. & St. P. R'y Co.,* 29 Wis., 589.

COLE, J. The sole question in this case is, whether the defendant corporation is protected by the garnishee proceedings in Chicago. The facts upon which the question arises have been stipulated; from which it appears that the plaintiff, who is a married man and the head of a family, residing in Oshkosh, performed work for the defendant at its machine shop in that city, in the months of June, 1872, and February and March,

1873, for which he was entitled to receive the amounts specified and which he seeks to recover in this action.   In June, 1872, and February, 1873, Louis Pelleten and O. M. Tompkins, residents of Fond du Lac, and creditors of the plaintiff, commenced against him, in Chicago, their respective suits before magistrates in that city, and garnished the defendant.   In those suits, notices were given and service of process was made according to the laws of Illinois in case of nonresident defendants; and judgments were finally recovered against the plaintiff in these actions, and also against the defendant as garnishee, which the defendant paid and satisfied.   It is now claimed that these judgments are conclusive upon the question of the defendant's liability as garnishee in those actions, and constitute a complete defense to this suit.   It is also admitted and stipulated that no personal service was had in those suits, of any writ, summons, or notice upon the plaintiff in this action, and that he has not been in the state of Illinois, temporarily or otherwise, since January 1, 1872.   And it is further stipulated that the plaintiff in this action had no actual notice of any of the proceedings in which either of said judgments was obtained.   And the question therefore, is :  What effect must be given these judgments, obtained under such circumstances ?   Do they protect and discharge the defendant to the extent of the amounts paid upon them ?   We are all of the opinion that they do not.

By the statute of this state, the earnings of a married man who has to provide for the support of a family in Wisconsin — for sixty days next preceding the issuing of any process from any court against him, are exempt, and are not liable to be garnished on attachment.   Sec. 40, ch. 134, R. S. (Tay. Stats., 1553); *Brown v. Hebard,* 20 Wis., 326 ; *Burlander v. M. & St. P. R'y Co.,* 26 id., 76 ; *Winterfield v. M. & St. P. R'y Co.,* 29 id., 589.   In the last case there is a very strong intimation that if the garnishee knows that the property, money or indebtedness in his possession or under his control is exempt, it is his duty, for self protection, to bring that fact to the notice of the court ;

otherwise the judgment against him, and the satisfaction there-of, will be no bar to an action by the attachment defendant. Applying the rules there recognized, it was plainly the duty of the defendant company to state in its answer as garnishee, that the wages of the plaintiff were exempt. To this it is answered, that the defendant was garnished in Illinois, and could only respond as to the fact of its indebtedness to the plaintiff and its liability to pay the debt; and that it would have been of no avail for the defendant to object that the moneys due were earnings which were exempt by the laws of this state. This, however, does not fully meet the difficulty, because, for aught we know, the earnings might be exempt by the laws of that state, and in the absence of all proof upon the subject, the presumption is, that they were exempt. *Rape v. Heaton*, 9 Wis., 329. But there is a further and perhaps better reason for holding that the defendant is not protected by those garnishee proceedings, which is, that those proceedings were *ex parte*, without any service of process on the plaintiff, and no notice given him of those actions. In such a case we deem it a perfectly reasonable and proper rule to hold, that the defendant, in order to protect itself, should have notified the plaintiff of the pendency of these proceedings, and requested him to defend. There is surely no hardship in that rule as applied to the defendant—a corporation created and operating its road under the laws of Wisconsin, as well as under the laws of Illinois. It must be assumed that the corporation or its officers were familiar with our laws, and knew that the earnings of its creditor were exempt. It should therefore have claimed the benefit of the exemption for him; or at least have given him notice of the pendency of these proceedings, and afforded him an opportunity to defend. This we think, was essential in order to protect itself against a subsequent action by him to recover the debt. For the purposes of this case it must be treated as a domestic corporation, and it had a duty to perform in reference to the defendant in the attachment. Whether the rule

would be otherwise in respect to a purely foreign corporation summoned as garnishee, is a question we need not consider. But in this case there can be no doubt that the defendant should have exhausted all means to avoid a judgment against it, or have given notice to the plaintiff of the pendency of the garnishee proceedings in order that he might defend against them. The case of *Adams v. Filer*, 7 Wis., 307, has a bearing upon the question before us; though it is true it appeared there that Filer was a stranger to the record in the garnishee suit. But much of the reasoning of the court in that case is applicable here to show what the garnishee should do to make the judgment against him binding upon its creditor. See also *Johann v. Rufener, Garnishee*, 32 Wis., 195.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.