## NIEUWANKAMP and another vs. ULLMAN.

COURT COMMISSIONER: CONTEMPT: SUPPLEMENTARY PROCEEDINGS. *(1) How disobedience of court commissioner punished. (2) His jurisdiction in supplementary proceedings. (3) What constitutes a contempt.*

1. The circuit court has jurisdiction to punish as for contempt disobedience of a lawful order of a court commissioner, even if the commissioner himself had power to punish such contempt. R. S., sec. 3477.
2. In a proceeding supplementary to execution, a court commissioner has no authority, in any state of the case, to order a delivery of the debtor's property to the judgment creditor or his attorney, and such an order is absolutely *void*.
3. A delivery of the property in obedience to such void order, and in violation of a valid order of another court commissioner, in another proceeding, forbidding the debtor to transfer or dispose of his property until further order therein, is a *voluntary* delivery, and, though *honestly* made, is a *contempt*. But in such a case, where no damage has accrued to the creditor, the punishment should be made nominal.

APPEAL from the Circuit Court for *Outagamie* County.

This appeal was taken by the plaintiffs from an order denying their motion for an attachment against defendant for a contempt. The grounds of the motion will appear from the opinion.

*George W. Todd*, for appellants.

For the respondent, there was a brief by *Collins & Pierce*, and oral argument by *Mr. Pierce*.

ORTON, J. It appears that the appellants, as judgment creditors of the respondent, obtained an order from the Hon. Samuel Baird, a court commissioner, on the 30th day of January, 1879, for his examination supplementary to an execution on the 6th day of February, and in said order an injunction forbidding the respondent from transferring or otherwise disposing of his property, not by law exempt from execution, until further order in the premises; that on the 31st day of January one F. Strauss, another judgment creditor of the respondent, obtained a similar order from the Hon. Samuel Boyd, a court commissioner of the same county, for the examination of the respondent in proceedings supplementary to an execution returned in part unsatisfied, on the 5th day of February; and that the orders in both cases were served upon the 31st day of January, but that the orders in the first mentioned case were served first in the order of time. It further appears that on his examination before Commissioner Boyd, on the 5th day of February, the respondent disclosed, as his property liable to execution, 104 shares of stock of $25 each in the Appleton Furnace Company, one gold watch and chain, one-half interest in one lumber wagon, promissory notes against divers persons of the value of $250, and book accounts against sundry persons of the value of $1,200; that thereupon said court commissioner ordered and directed that said property be applied to the satisfaction of said judgment, and that the respondent deliver the same to one Henry D. Ryan, the attorney of the said judgment creditor Strauss; and that the respondent at once obeyed and complied with said order by the delivery of said property to the said Ryan without objection.

The order first obtained and served, and returnable on the 6th day of February, was adjourned until the 13th day of the same month; at which time, the above facts appearing, and it

appearing also that the respondent had no other property than that so transferred to Ryan, the attorney of Strauss, by the direction of said order, subsequent proceedings were suspended before Commissioner Baird, and the papers filed in the circuit court.

These facts subsequently appearing to the circuit court, an order was made and served that the respondent show cause why he should not be punished for his alleged misconduct in disobeying the said order of Commissioner Baird, by disposing of and transferring said property as aforesaid, by which the rights and remedies of the appellants were defeated and impeded; and upon the hearing thereof the circuit court adjudged the respondent not guilty of contempt therein, and said order was denied and discharged.

Upon these facts it is very clear that the respondent should have been adjudged in contempt for disobedience of the injunctional order of Commissioner Baird, and that he did not show sufficient cause why he should not be punished therefor.

1. Notwithstanding that Commissioner Baird might have had jurisdiction to punish the respondent as for contempt, for disobedience of his order of injunction, yet such jurisdiction was not exclusive of the circuit court in such a case. Sec. 3477, R. S. 1878.

2. The order of Commissioner Boyd for the delivery of the property to Ryan, the attorney of the judgment plaintiff Strauss, was *absolutely void,* and afforded no protection or excuse for the disobedience of the order of injunction of Commissioner Baird. The proceeding before Commissioner Boyd being supplementary to an execution returned in part unsatisfied, it was the duty of the commissioner to have appointed a receiver of the property, and ordered its delivery to him. Subd. 3, sec. 2797, R. S. 1878. If this had been done, the rights of the appellants would not have been defeated or jeopardized. There is no case or possible circumstances in which a court commissioner, in supplementary proceedings, is author-

ized by law to order the delivery of such property to the plaintiff in the execution or to his attorney, and there is no provision whatever for the sale or disposition of such property, or its application in satisfaction of the judgment, or what is to be done with the property, or how its application is to be made by the plaintiff or his attorney. This order is not only without authority, but in direct violation of law, and such an one as the court commissioner had no jurisdiction to make. It is not merely *irregular*, but a *nullity*, according to the test recognized in *Salter v. Hilgen and another*, 40 Wis., 363. It is an order which the commissioner under no circumstances had authority to make. *Petition of Crandall for a Habeas Corpus*, 34 Wis., 177; *Petition of Semler*, 41 Wis., 518.

3. The delivery of the property to the attorney of the plaintiff Strauss by the respondent, in obedience to such a void order, must be held to have been voluntary, and it was no excuse that such delivery was made *honestly*, if made *unlawfully*. *Johann v. Rufener, Garnishee*, 32 Wis., 195.

It does not appear that the appellants have lost all remedy against the property and the party to whom it was so unlawfully delivered by the respondent in violation of the injunction; and we therefore think that the respondent should have been adjudged in contempt, and his punishment made nominal, leaving the appellants to such remedy as they may be advised.

*By the Court.* — The order of the circuit court is reversed, with costs, and the cause remanded for further proceedings according to this opinion.