BUSHNELL & CLARK vs. JOSEPH ALLEN & BRO.

*February 3 — February 24, 1880.*

GARNISHMENT: PRACTICE. *(1) Proceedings on failure of garnishee to appear. (2) Omission of docket entries by J. P., as to adjournments. (3–5) What objections garnishee bound to take in behalf of principal debtor. (4, 7) Amendment of defects in garnishment proceedings. (6) Record in garnishment.*

1. *It seems* that, under the R. S. of 1858, if a garnishee in justice's court failed to appear on the return day of the summons, the justice might

afterwards compel his attendance, under sec. 119, ch. 120; or, after judgment against the attachment defendant, might render judgment against the defaulting garnishee for the amount thereof, under sec. 130; or that, before such judgment, the garnishee might appear and answer, under sec. 120.

2. The omission of the justice to make any entry in his docket in the garnishment proceeding, until after the principal judgment was entered, although there had been a previous *adjournment* in both actions, is not fatal to a judgment against the garnishee. So held in a suit against the garnishee (who had paid such judgment), by one who, between the service of the garnishee summons and the return thereof, had taken an assignment of the principal debtor's claim against such garnishee, and had notified him.

3. Even where the summons in garnishment is not served on the principal debtor, as the statute now provides, the garnishee is only required to make such defenses *to the merits* as he knows the principal debtor might make if present defending the garnishment proceedings, and not to make technical objections to defects in the record which may readily be cured by amendment. *Johann v. Rufener*, 32 Wis., 195, and *Pierce v. Railway Co.*, 36 id., 283, distinguished.

4. Where copartners are garnished by their firm name, and the return shows service by reading it and delivering a copy to one of them, but does not show *which one*, and is indorsed upon the garnishee summons, instead of upon the summons in the principal action, these defects may be cured by amendment.

5. Where, in such a case, the garnished firm appeared by one of its members and answered, and the principal debtor also appeared in the garnishment proceeding, the court acquired jurisdiction, and the failure of the garnishees to object to the defects in the return was no breach of duty to such debtor or his assignee.

6. In garnishment under an attachment or summons, the fact that a judgment has been rendered against the principal debtor need not appear by the record in the garnishment proceeding; but the records in that and the principal suit are to be read together.

7. Where the firm of "J. Allen & Bro." consisted of *Joseph* and *John Allen*, and, upon an affidavit that "John Allen & Bros." were indebted, etc., a summons in garnishment, addressed to "John Allen & Bro." was served upon one member of the firm, and the firm appeared and answered by one of its members: *Held*, that the misnomer of the garnishees in the affidavit and summons is of no importance; and an amendment in that respect was properly allowed.

APPEAL from the Circuit Court for *Grant* County.

One Wells brought his action on contract against one Williams, before Charles E. Stehl, Esq., a justice of the peace. Wells presented to the officer having the summons for service, an affidavit that "*John Allen & Bros.*" were indebted to Williams, and demanded that they be summoned as garnishees.

The officer thereupon issued a garnishee summons, directed "To *John Allen & Bro.*, and John Williams, said defendants," returnable February 15, 1878, at 10 o'clock A. M., at which time the original summons was also returnable. The officer made return, indorsed on the garnishee summons, that on the 7th of February, 1878, he served the same by reading it "to the within named defendant, personally, and giving him a copy thereof." [1]

On the return day the cause was removed, on the affidavit of Williams, to William Fisher, Esq., another justice of the peace.

The docket entries of Justice Fisher show that Williams and the garnishees (these defendants) appeared before him on the same 15th of February, and both the principal action and that against the garnishees were adjourned to the 23d of the same month, at 10 o'clock A. M., at the office of the justice. At the time last mentioned, the action was tried, and Wells recovered judgment against Williams. *Joseph Allen*, also, then appeared and answered, acknowledging an indebtedness by his firm to Williams of $45.10; and judgment was rendered against the garnishees for that amount in favor of Wells. The defendants afterwards paid such judgment.

On the 14th of .the same February, Williams assigned his demand against *J. Allen & Bro.* to the plaintiffs, who on the same day notified that firm of such assignment. This action is brought by the plaintiffs, as such assignees, to recover the amount of such demand.

---

[1] It seems that the proper name of the firm was "J. Allen & Bro.," and that it consisted of *Joseph* and *John* Allen; but which of these brothers was intended by "J. Allen" in the firm name, does not appear.— REP.

Evidence was introduced tending to prove — perhaps proving — that as late as February 22d, Justice Fisher had made no docket entries whatever in the garnishment proceedings; also, that neither of the garnishees appeared before him on the return day of the summons. The court directed a verdict for the defendants; and plaintiffs appealed from the judgment entered pursuant to the verdict.

For the appellants, there was a brief by *Bushnell, Clark & Watkins*, and oral argument by *Mr. Bushnell:*

1. The garnishment proceedings were against "John Allen & Bro.," and furnish no defense to the firm of *Joseph Allen & Bro.* Nor could the amendment relate back so as to confer jurisdiction not previously obtained in the manner which the statute directs. *Steen v. Norton*, 45 Wis., 412. The return of the officer in that proceeding was upon the garnishee summons, instead of the summons in the principal suit. It was also void for uncertainty. A justice must have proper evidence of service before he can proceed and render a binding judgment. This was insufficient to confer jurisdiction of either person or subject matter. 2 Wait's L. & P., 13; 3 Chand., 183; 45 Wis., 412, and cases there cited. 2. If the justice ever had jurisdiction, he lost it by adjourning the case without making up his docket and entering therein the fact of such continuance. The original and garnishee suits are distinct actions, and must be separately entered in the docket. Tay. Stats., § 125; 4 Chand., 12; *Roberts v. Warren*, 3 Wis., 736; *Crandall v. Bacon*, 20 id., 639; *Brahmstead v. Ward*, 44 id., 591; *Brown v. Kellogg*, 17 id., 475; *Grace v. Mitchell*, 31 id., 535. If a garnishee submit to the jurisdiction when there is none, and pay under it, it will avail nothing. Drake on Attachment, §§ 694, 695. 3. The record is fatally defective in that it does not show that a judgment had been previously rendered against the principal debtor. Drake on Attach., § 658 *a*, and cases there cited. Payment under such a judgment is purely voluntary, and is no protection to the

garnishee. Drake, §§ 711–13. 4. The essence of the garnishee's equity consists in the fact that he has done his full duty and has been *compelled* to pay. He should exhaust all legal means to prevent a judgment against him. *Adams v. Filer*, 7 Wis., 323; *Harmon v. Birchard*, 8 Blackf., 419; Wells's Res. Adj., § 163; *Johann v. Rufener*, 32 Wis., 195. The garnishee defendants here were not bound to appear, because their fees were not paid to them. Ch. 361, Laws of 1876; R. S., sec. 3781.

For the respondents, there was a brief by *Barber & Clementson*, and oral argument by *Mr. Clementson:*

1. The affidavit for garnishment was sufficient in form and substance. This conferred jurisdiction of the subject matter. Though the return is made on the wrong summons, and is not clear as to the facts relating to the service, yet the subsequent appearance of the garnishees was a waiver of these defects, and conferred jurisdiction of the person. *Heeron v. Beckwith*, 1 Wis., 17; *Lowe v. Stringham*, 14 Wis., 222; *State v. Doane*, id., 483; *Barnum v. Fitzpatrick*, 11 id., 81; *Blackwood v. Jones*, 27 id., 498; *Baizer v. Lasch*, 28 id., 268; *Ruthe v. Railroad Co.*, 37 id., 346; *Everdell v. Railroad Co.*, 41 id., 395. 2. That the garnishee summons was in fact served upon both of the garnishee defendants, was shown by their undisputed testimony. They were bound from the time of service, not from the time when the officer should make a proper return. The return could be amended at any time, according to the facts. *Moyer v. Cook*, 12 Wis., 335; *Northrup v. Shepard*, 23 Wis., 513; *Bacon v. Bassett*, 19 id., 47; *Bank v. Taylor*, 16 id., 609; *Robertson v. Kinkhead*, 26 id., 560. 3. The justice did not lose jurisdiction by his failure to enter the adjournment in his docket. The proceeding in garnishment is ancillary, and if the main suit is regularly entered and jurisdiction therein maintained, that is sufficient. While the main suit is pending, the garnishment suit is always open; and if the garnishee has failed to appear on return

day, he may afterward appear and answer at any time before final judgment against him. R. S., sec. 3729. The appellants took their assignment after service of the summons in garnishment, and stand in the same position as the principal debtor. They could not prevent the officer from amending his return in accordance with the facts, nor the garnishees from appearing, and so dispensing with such amendment. 4. The position that because the garnishees appeared without payment of their fees, the judgment is no protection, is not sustained by the authorities cited. The provision of the statute relative to payment of fees was for the benefit of the garnishee, and places him upon the same footing as a witness, and may be waived by him. There is no evidence that the garnishees knew of the defective return, or of the failure by the justice to enter the adjournment in his docket. They appeared, and paid the judgment, in good faith, and are entitled to protection.

Lyon, J., It is obvious from the foregoing statement of the case, that if the judgment rendered against the defendants in the garnishment proceedings is valid, it is a perfect protection to the defendants, and there can be no recovery in this action. Otherwise, the plaintiffs may recover. We are to determine, therefore, whether any of the objections urged against the validity of that judgment are well taken. For the purposes of the case, it is assumed that Justice Fisher made no entry in his docket of the garnishment proceedings before February 23d — the date of the judgment.

1. Is the failure of the justice to enter those proceedings in his docket, and particularly to enter the adjournment from the 15th to the 23d of February, fatal to the judgment against the garnishees?

Such omission in the principal action would doubtless be fatal to a judgment therein. But we do not think this strict rule is applicable to a garnishment proceeding, which is ancil-

lary to the principal action and dependent upon it. This seems apparent from the provision of the statute which allows a garnishee who has failed to appear at the proper time, to appear and answer *at any time* before final judgment against him, on payment of costs. R. S. 1858, ch. 120, sec. 120. If *Allen & Bro.* did not appear before Justice Fisher on the return day of the garnishee summons, this statute gave them the right to appear and answer at any time before final judgment against them, on complying with the prescribed terms; and that right does not seem to be affected by the failure of the justice to make proper entries in his docket. The better opinion seems to be, that, if the garnishee defendant fails to appear on the return day of the summons, the proceeding stands open, and the justice may afterwards compel his attendance, under section 119, ch. 120; or, after judgment against the defendant in the attachment suit, may render judgment against the defaulting garnishee for the amount thereof, under section 130; or, before such judgment is rendered, the garnishee may appear and answer under section 120.

2. The return of the officer, of service of the garnishee summons, is defective in that in does not show upon which of the defendants he served it. But it was proved on the trial that the summons was duly served on one of the *Allen Brothers*, and that the parties to the principal action were present at the examination of the garnishees on the 23d of February. Furthermore, the return was indorsed upon the garnishee summons, and not upon the original summons, as required by statute.

It is claimed that it was the duty of the garnishees to make objection to the proceedings because of these irregularities or defects in the proceedings. Had such objection been made, doubtless it would have been unavailing; for the justice would have allowed the officer to make a correct return by indorsing on the original summons a certificate of due service of the garnishee summons on one of the firm of *Allen & Bro.*

Bushnell & Clark vs. Joseph Allen & Bro.

It was said in *Johann v. Rufener, Garnishee*, 32 Wis., 195, that it is the duty of the garnishee to exhaust all legal means to avoid a judgment against him; and in *Pierce v. Railway Co.*, 36 Wis., 283, where the fund sought to be reached by the garnishment proceedings was exempt from execution, Mr. Justice COLE says that the garnishee should have claimed the benefit of the exemption for the original debtor, "or at least have given him notice of the pendency of these proceedings, and afforded him an opportunity to defend." These observations were made with reference to the former law, which did not require the garnishee summons to be served on the defendant in the main action.

Whether the garnishee summons was or was not served upon Williams, the original defendant, we think all that is required by the rule above stated is, that the garnishee shall interpose any defense to the merits which he knows the principal defendant might interpose were he present defending against the garnishment proceedings. We do not think he is required to make technical objections to defects in the record, which, if made, can readily be cured by amendment. We have seen that the defects in the officer's return might have been so cured.

The garnishee summons having been duly served on one of the firm of *Allen & Bro.*, and that firm having appeared by one of its members on the 23d of February, and answered, and Williams, under whom the plaintiffs claim, also having appeared at the same time, our opinion is that the court had jurisdiction to render judgment against the garnishees, and that the failure of the garnishees to object to the defects in the return was no breach of their duty to Williams or his assignees, the present plaintiffs.

3. It is further maintained by the plaintiffs that the garnishee judgment is fatally defective because the record in that proceeding fails to show that a judgment had been previously rendered against Williams. The point is not well taken, and

the authority cited (Drake on Attachments, § 658 *a)* does not sustain it in cases like this.   The true rule is, that, in a garnishment proceeding under an attachment or summons, the record in such proceeding and in the principal suit are to be read together; and it is sufficient if the whole record shows that a judgment has been rendered against the principal defendant.   The rule contended for is only applicable where a statute gives a garnishment proceeding upon a judgment, without execution.   It is obvious that, in such a case, the record in the proceeding should show the judgment upon which it is based.

4. The defendants constituted the firm of "*J.  Allen & Bro.*"   That firm was summoned as garnishees, and appeared and answered.   The misnomer of the firm in the inception of the proceedings is of no importance.   Besides, such misnomer was properly cured by amendment.

It follows that the judgment against these defendants in the garnishment proceedings is a complete defense to the plaintiffs' claim in this action, and that the circuit court properly directed a verdict for the defendants.

*By the Court.*— Judgment affirmed.