DANIEL F. DUFFY, Appellant, *v*. JOHN J. MORRISSEY, Respondent.

(County Court, Albany County, September, 1913.)

Judgment creditor's action — execution in — when execution ceases to be a lien.

It is a defense to an action by a judgment creditor against an employer that, after having pursuant to an execution against the wages of an employee paid over for one week the legal percentage, he thereafter paid the judgment debtor wages of less than twelve dollars a week.

The execution ceased to be a lien on the judgment debtor's wages after said payment of the legal percentage, and defendant properly paid no further sums thereunder.

APPEAL by plaintiff from a judgment of the City Court of Albany in favor of defendant.

Henry J. Crawford, for appellant.

William S. Dyer, for respondent.

ADDINGTON, J.    This is an appeal by the plaintiff from a judgment of the City Court of Albany in favor of the defendant.

On the 11th day of January, 1909, the plaintiff in this action recovered a judgment in the City Court of Albany against one John Wood for the sum of thirty-nine dollars and ninety-eight cents, and thereafter an execution was duly issued upon said judgment against

the property of said John Wood which was duly re-
turned to the City Court of Albany wholly unsatisfied.

On the 3d day of July, 1911, upon an affidavit of
the attorney for the plaintiff in this action, an order
was made directing that an execution upon said judg-
ment issue against the wages then due and thereafter
to grow due to the said John Wood from John J. Mor-
rissey, the defendant in this action; and thereafter and
on the same day such execution was duly issued and
a copy of said affidavit, order, and execution was de-
livered to and left with the defendant in this action,
which execution required this defendant to retain from
the wages of the judgment debtor, John Wood, the
sum of one dollar and twenty cents per week, it ap-
pearing from the affidavit on which the execution was
founded that the said John Wood was employed by
the defendant in this action and was earning twelve
dollars per week.

This defendant, in pursuance of said execution,
retained and turned over to the marshal of the City
Court of Albany one dollar and twenty cents out of
the first week's wages due the judgment debtor, John
Wood, after the service of the execution upon this
defendant. No further sum was paid by this defend-
ant out of the wages of said Wood, nor was any fur-
ther proceeding taken until, on July 11, 1912, a little
more than a year after the service of the execution
upon the defendant, the plaintiff served upon this de-
fendant a notice demanding the payment of fifty dol-
lars which he claims accumulated under the execution
issued and served upon this defendant. The defend-
ant not having complied with the terms of this de-
mand, the plaintiff, on the 16th day of July, 1912,
commenced this action and judgment was rendered
for the defendant on the 27th day of December, 1912.

" Where a judgment has been recovered and where

an execution issued upon said judgment has been returned wholly or partly unsatisfied, and where any wages   *   *   *   are due and owing to the judgment debtor or shall thereafter become due and owing to him, to the amount of twelve dollars or more per week, the judgment creditor may apply to the court in which said judgment was recovered   *   *   *   having jurisdiction of the same without notice to the judgment debtor and upon satisfactory proof of such facts by affidavits or otherwise, the court   *   *   *   must issue, or if a court of record, a judge or justice, must grant an order directing that an execution issue against the wages   *   *   *   of said judgment debtor." Code Civ. Pro., § 1391.

It is further provided by said section that " on presentation of such execution by the officer to whom delivered for collection to the person or persons from whom such wages,   *   *   *   are due and owing, or may thereafter become due and owing to the judgment debtor, said execution shall become a lien and a continuing levy upon the wages   *   *   *   due or to become due to said judgment debtor to the amount specified therein which shall not exceed ten per centum thereof, and said levy shall be a continuing levy until said execution and the expenses thereof are fully satisfied and paid or until modified as hereinafter provided."

Said section further provides:   " It shall be the duty of any person   *   *   *   to whom said execution shall be presented, and who shall at such time be indebted to the judgment debtor named in such execution, or who shall become indebted to such judgment debtor in the future, and while said execution shall remain a lien upon said indebtedness to pay over to the officer presenting the same, such amount of such indebtedness as such execution shall prescribe until said execution shall be wholly satisfied."

Said section further provides: "If such person
* * * to whom said execution shall be presented
shall fail, or refuse to pay over to said officer present-
ing said execution, the percentage of said indebted-
ness, he shall be liable to an action therefor by the
judgment creditor named in such execution."

Said section further provides: "Either party may
apply at any time to the court from which such exe-
cution shall issue, or to any judge or justice issuing
the same * * * upon such notice to the other party
as such court, judge, or justice shall direct for a modi-
fication of said execution."

Upon the trial of this action the defendant, Mor-
rissey, testified that when he retained the one dollar
and twenty cents in pursuance of said execution from
the wages of the judgment debtor, Wood, the latter re-
fused to continue to work for him if such deduction
from his wages was continued, and that thereafter
while the judgment debtor continued in the employ-
ment of this defendant he did not work the same
number of hours, and did not receive thereafter and
up to the date of the trial of this action as much as
twelve dollars a week.

It is claimed by the appellant that this defendant
was bound by the mandate of the court, namely: The
execution, to retain from the wages of Wood the sum
of one dollar and twenty cents per week no matter what
the amount of the salary of the judgment debtor was,
and that he had no right to complain or raise any ques-
tion about the mandate of the court, but that if the
judgment debtor felt aggrieved section 1391 of the
Code of Civil Procedure furnished him a remedy,
namely, to move to modify the execution.

I do not believe that this contention of the appellant
can be upheld.

After the service of the execution upon the defend-

ant he complied with its terms and paid over to the marshal of the City Court of Albany one dollar and twenty cents. He is bound by the law, and it cannot be maintained that, after the affidavit and the order upon which the execution was issued was served upon him, all of which also apprised him of the law, he would be justified in retaining any part of the wages of the judgment debtor, for as a matter of fact he was not paying to the judgment debtor as much as twelve dollars per week. Notwithstanding the mandate of the court, he having knowledge of the facts, and being bound by the law, would be liable to the judgment debtor for any sums of money which he retained when the wages of the judgment debtor were less than twelve dollars per week. When the execution was left with the defendant it became a lien on the wages of the defendant due and to become due, and it was the duty of the defendant to pay over the sums directed to be paid " while said execution shall remain a lien upon said indebtedness." Code Civ. Pro., § 1391.

The execution ceased to be a lien on said wages after the payment of one dollar and twenty cents, the wages of the defendant not amounting to twelve dollars, and hence defendant properly, as was his duty to himself and to the judgment debtor, paid no further sums under the execution.

After the service of the execution upon the defendant he had the right to enter into new conditions of employment with the judgment debtor, which he did, and under these circumstances if he retained any part of the wages which the judgment debtor subsequently received, namely, less than twelve dollars per week, this defendant would be liable for the same to the judgment debtor.

In all these proceedings the defendant complied with the law. When this action was brought against him

he came into court and defended, which it was his duty to do, on the ground that he was paying wages to the judgment debtor of less than twelve dollars per week.

There are many cases in other jurisdictions in which, while they are brought under garnishment statutes different from those of this state, certain principles of law are enunciated applicable to the principles involved in this case. And in these cases it is held that where the garnishee is sued, if he has knowledge of the right of the judgment debtor to exemptions and does not apply them, he is still liable to the judgment debtor if a judgment is obtained against him and paid.

In Winterfield v. Milwaukee & St. Paul R. Co., 29 Wis. 589, it was held that the garnishee may interpose the defense in an action by the creditor that the property in question is exempt, and the court says: "Besides it is not at all certain, had the railway company neglected to interpose such defense, that Patterson (the judgment debtor) could not have compelled it to pay the debt to him, notwithstanding the garnishee judgment. Knowing that the indebtedness was exempt, it was not only the right of the company, but very probably it was its duty, for self-protection, to interpose the defense. And this the more especially after Patterson (judgment debtor) had formally requested it to do so."

To the same effect is the case of Pierce v. Chicago & N. W. R. Co., 36 Wis. 283, in which the court says: "But there is a further and perhaps better reason for holding that the defendant is not protected by those garnishee proceedings, which is, that those proceedings were *ex parte*, without any service of process on the plaintiff, and no notice given him of those actions. In such a case we deem it a perfectly reasonable and proper rule to hold, that the defendant, in

order to protect itself, should have notified the plaintiff of the pendency of these proceedings and requested him to defend  \*  \*  \*.  It must be assumed that the corporation or its officers were familiar with our laws, and knew that the earnings of its creditor were exempt.  It should therefore have claimed the benefit of the exemption for him.  \*  \*  \*  This we think, was essential in order to protect itself against a subsequent action by him to recover the debt.  \*  \*  \*  But in this case there can be no doubt that the defendant should have exhausted all means to avoid a judgment against it, or have given notice to the plaintiff of the pendency of the garnishee proceedings in order that he might defend against them.''  See, also, Bushnell & Clark v. Jos. Allen & Bro., 48 Wis. 460, citing with approval the Pierce Case, *supra.*

The Code of Civil.Procedure above quoted protects the rights of all the parties in this proceeding.  It gives either party the right to modify the execution. It also provides that the judgment creditor may maintain an action against the garnishee or employer of the judgment debtor; and in that action it can be determined as it was in this case whether or not the employer was justified in not retaining any part of the wages of the employee.

The decisions in the state of Illinois are in line with the decisions in the state of Wisconsin above quoted.

In the former jurisdiction the court held that under all the circumstances the railroad company and employer should have known that its employee, the judgment debtor, was entitled to certain exemptions.

In the case of Chicago & Alton R. R. Co. v. Ragland, 84 Ill. 375, the court says: ''A judgment was recovered against appellant, which was paid, appellant failing to claim, for the benefit of its employee, the exemption granted by this section.  It is insisted, ap-

pellant had no concern with this matter, and their paymaster had no knowledge of the domestic relations of appellee.

"It appears, however, that other employees of the railroad company did not know the fact, and it was quite easy for all the officers of the company having active connection with all the employees, to know it. It is a very easy matter, attended with no trouble or expense, to make the inquiry of every one, when employed, if he has a family and residing with it, and to enter on the pay-roll the word ' family.' We are inclined to think a railroad company should take an interest in the well-being of all its employees, and concede to them and obtain for them all the advantages the law gives them. They are generally poor men, not well informed of their rights, and it would not be in derogation of the higher position occupied by the corporation, to save and protect their interests in all cases, especially when it can be done without trouble and expense to the corporation. Such a disposition, when manifested, cannot fail to render the relations existing between employer and employee more agreeable, and perhaps more profitable, and this in all cases of employer and employee."

To the same effect are the cases of Cooper v. McClun, 16 Ill. 435; Bliss v. Smith, 78 id. 359; Hoffman v. Fitzwilliam & Sons, 81 id. 521.

For the reasons stated, the judgment of the City Court of Albany in favor of the defendant is affirmed, with costs.

*Judgment affirmed, with costs.*