DORWIN E. WARE *vs.* BUCKSPORT & BANGOR RAILROAD COMPANY.

Hancock.   Opinion January 20, 1879.

*Judgment.   Chose in action.   Scire facias.*

A judgment is a chose in action within the meaning of Stat. of 1874, c. 235.

Where the return of an officer on a trustee execution was dated before the return day, and the return was amended by leave of court, showing that the execution remained in the hands of the officer for three months after its date: *Held,* sufficient.

*Scire facias* against a trustee may be maintained in the name of an assignee of the original judgment, under the provisions of c. 225.

ON REPORT.

*Scire facias* against the Bucksport & Bangor Railroad Company, as trustees of one John E. Gowen.

It appeared by the writ that Benjamin P. Ware and John Q. A. Clifton, executors of the last will and testament of John Clifton, recovered judgment at the April term, 1876, for $4,136.23 damages, and $22.81 costs of suit, in the hands of these defendants as trustees of John E. Gowen; that execution was issued July 17, 1876, and put into the hands of one J. W. Patterson, deputy sheriff, who, on July 21, 1876, made demand upon the defendants; that, as appears by the amended return of the officer, the execution was returned three months after its date; that on December 23, 1876, the judgment creditors duly assigned in writing said judgment to the plaintiff, a copy of which assignment was filed with the writ.

The defendants filed a general demurrer, which was joined. Thereupon the case was continued on report.

The return of the officer was as follows :

" State of Maine.   Hancock ss.   October 15, 1876.   By virtue of this execution, on the 21st day of July, A. D. 1876, I demanded of the Bucksport & Bangor Railroad Company, trustees within named, to wit: of Parker Spofford, treasurer thereof, and Sylvanus T. Hinks, president thereof, to pay over and deliver to me any goods, effects or credits belonging to the within named debtor, John E. Gowen, in the hands and possession of the said Bucksport & Bangor Railroad Company, which the said Bucks-

port & Bangor Railroad Company then and there neglected and refused to do. And, after diligent search, I could find neither the property nor the body of the within John E. Gowen within my precinct. I therefore return this execution in no part satisfied. October 10, 1877. By leave of court I hereby amend the above return as follows: This execution remained in my hands from July 21, 1876, until three months from the date thereof had elapsed. J. W. Patterson, Dept. Sheriff."

*E. Hale & L. A. Emery*, for the defendants, contended: At common law this action cannot be maintained in the name of an assignee of the original judgment. *Baker* v. *Ingersoll*, 37 Ala. 503. *McKinney* v. *McChoffay*, 7 Watts & S. (Pa.) 273.

Stat. of 1876, c. 102, permitting an assignee in certain cases, does not include this.

Stat. of 1874, c. 235, does not authorize the maintenance of this action of the plaintiff. Plaintiff might maintain an action on the judgment against the judgment debtors, but his action must be a new one—an original one. This statute was never intended to permit the assignee to have proceedings, already begun by his assignor, changed over and finished in his own name. There is no provision in the statute for the altering of writs and processes after assignment. The assignee cannot carry on any of the intermediate or final proceedings in his own name, unless he has begun them in his own name.

*Scire facias* is not an original action, "brought and maintained," to recover a chose in action. It is a judicial process, issued in the course of an action previously began. It is not based on any chose in action, nor is it issued to recover any chose in action; but upon a record of court; it must be issued by the court having the record, and the writ must follow the record.

Writs of *scire facias* do not describe or recite any contract, tort or other cause of action, but simply recite the record; they are issued as a subsidiary kind of process to further an action before brought to enforce a contract, or redress a wrong.

No record is made up; these proceedings are to be recorded as a part of the record of the suit, *Ware* v. *Gowen & Trustees*. These defendants are not new defendants now, but defendants in

the original suit of which these proceedings are a part. The cause of action having been assigned, *pendente lite,* the action should go on as began in the name of *Ware* v. *Clifton. Adams* v. *Rowe,* 11 Maine, 89.

It is otherwise in *scire facias* against bail and indorsers. *Scire facias* against a trustee is not an " action " within the statute, but the contrary. *Gray* v. *Thrasher,* 104 Mass. 373.

The return of the officer was dated October 15. That is, the return of the execution. No return can be made before return day. *Austin* v. *Goodale,* 58 Maine, 109. *Roberts* v. *Knight,* 48 Maine, 171. *Adams* v. *Cummiskey,* 4 Cush. 420.

The question was not raised in *Storer* v. *Haynes,* 67 Maine, 420.

*L. Barker, T. W. Vose & L. A. Barker,* for the plaintiff.

APPLETON, C. J.   Benjamin P. Ware and John Q. A. Clifton, as executors of the last will and testament of John Clifton, having obtained judgment against the defendants as trustees of John E. Gowen, assigned their judgment to this plaintiff, who brings *scire facias* against the defendants as trustees.

Execution was seasonably issued and placed in the hands of an officer, by whom a demand was made on the defendants to pay over and deliver to him "any goods, effects and credits" belonging to said Gowen, which they neglected and refused to do.

I. It is claimed that this process cannot be maintained in the name of an assignee.

By the act, c. 235, approved March 3, 1874, "assignees of choses in action, not negotiable, assigned in writing, are hereby authorized to bring and maintain actions in their own name," etc.

Generally all causes of suit for any debt, duty or wrong are to be accounted choses in action. Jacobs' Law Dictionary— Chose.

In case of the death of the plaintiff in the original action, *scire facias* against the trustee must be in the name of the executor or administrator. In *Winter* v. *Kretchman,* 2 D. & E. 45, it was held that the assignees in bankruptcy might bring *scire facias* to revive a judgment. "I cannot," observes Ashurst, J., " distinguish

between a *scire facias* and an action brought by the assignees of a bankrupt." "It has been held in a variety of cases," remarks Buller, J., "that a *scire facias* is an action." In delivering the opinion of the court in *Ensworth* v. *Davenport*, 9 Conn. 392, Williams, J., says: "A *scire facias* is a judicial writ; but still it is an action." *Fenner* v. *Evans*, 1 T. R. 268. It may be pleaded to as an action. *Grey* v. *Jones*, 2 Wils. 251. *Pultney* v. *Townson*, 2 W. Bla. Rep. 1227. 2 Tidd, 1046. It may be released by a release of all actions. Co. Litt. 290. "Every *scire facias* is a new and independent action, referring to the former proceedings, but wholly distinct from them." *Greenway* v. *Dare*, 1 Hals. N. J. 305.

In *Murphy* v. *Cochran*, 1 Hill (N. Y.), 339, a judgment was held to be a chose in action, and that assignees, under a statute authorizing them to bring actions in their own names, might sue out *scire facias quare executionem non*, to revive the judgment.

But reliance is placed on the distinction taken in *Adams* v. *Rowe*, 11 Maine, 89, that in trustee process *scire facias* against the trustee is not so much a new action as a continuation of the original suit, when it is used to carry into effect a former judgment against a party to it. It is conceded that *scire facias* against bail or indorsers on the writ would be new actions. But while it may be conceded that, in the trustee process, *scire facias* may well be considered in one view as a continuation of the original suit, yet it is difficult to see why it is not a new process, by which a new and different judgment is obtained against a defendant as principal who in the former one was merely a trustee. The judgment in the second action differs from that obtained in the first, and the same is true of the execution issuing thereon.

II. Taking the whole return of the officer together, we think it apparent that the officer made a seasonable demand on the trustee, and the execution remained in his hands until its expiration, and that at that time it was unsatisfied.

*Judgment for plaintiff.*

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.