THOMAS O'CONNELL *vs.* JOHN H. V. ACKERMAN, Garnishee of GEORGE H. H. CONDON.

*Deed for the benefit of Creditors—Joint liability of Trustees as Garnishees—Attachment—Amendment of Sheriff's return.*

Where a deed for the benefit of creditors is void as to them, and a creditor seeks to obtain payment of his claim by attaching the proceeds of the sale of the trust property in the possession of the trustees, the attachment must be laid in their hands jointly, and the plaintiff can only recover against them jointly.

A sheriff has the undoubted right to amend his return to a writ of attachment, so as to make it conform to the facts as they occurred.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

*First Exception.*—After the testimony was closed on the part of the plaintiff and the garnishee, the plaintiff prayed the Court to rule as follows:

If from the evidence the Court find that the defendant being indebted to the plaintiff as charged in the writ of attachment and affidavit in this cause, did, prior to said attachment, assign, dispose of, or conceal his property, or some portion thereof, with intent to defraud his creditors, and in further pursuance of his fraudulent intent did execute the deed to the garnishees Nelson and Ackerman, dated on the 14th day of Sept., and recorded on the 15th day of Sept., 1882, read in evidence, and that said trustees accepted the trust under said deed, and did, by reason thereof acquire from sales made by them of goods of said Condon more than sufficient money to pay the plaintiff's

claim, then the plaintiff is entitled to recover against said garnishees.

And the garnishee prayed the Court to rule as follows:

That if it shall appear from the evidence that the attachment issued in this case was laid in the hands of Geo. E. Nelson alone, and not in the hands of Geo. E. Nelson and Jno. H. V. Ackerman, jointly, then the plaintiff cannot recover in this case, unless the Court sitting as a jury, shall further find that the said Nelson, separately, has now, or has had since the laying of the attachment, money or goods in his hands belonging to the defendant, Condon.

The Court, (FISHER, J.,) refused the prayer of the plaintiff, and granted the prayer of the garnishee. The plaintiff excepted.

*Second Exception.*—The plaintiff prayed the Court to permit the late sheriff to amend his return to the writ of attachment in the above cases, by saying: " Laid in the hands of John H. V. Ackerman and George E. Nelson, garnishees, by service on John H. V. Ackerman, on the 16th day of Sept., 1882, at 4 o'clock, p. m., in presence of George W. Roseman, and by service on George E. Nelson, on the 19th day of Sept., 1882, at 12.30 o'clock, p. m., in presence of George W. Roseman, and garnishees summoned," or words substantially to that effect, in lieu of the words now on said writ having a return of separate garnishment of said parties, the said return having been erroneously made by the late sheriff, whereas the service of said writ was really made in accordance with the form of return now prayed.

And the plaintiff also made a motion to consolidate this case with the case of the plaintiff against George E. Nelson, garnishee of George H. H. Condon. And to sustain the said motions, the plaintiff proved by George W. Roseman, that he (Roseman) was the deputy sheriff who served the attachment in this case; that prior to his serving said

attachment on the garnishees, the plaintiff's attorney gave him the notice which is sufficiently set out in the opinion of this Court, to be served on said garnishees with the attachment; that, on the day he served said attachment on the garnishee, Nelson, he also served on him said notice; witness believed said notice was served by him on Nelson at the same time he laid the attachment in his hands, but was sure it was served the same day.

On cross-examination, Roseman testified, that the return on the attachment served by him was in accordance with the facts, and he was always particular to lay attachments according to instructions. There was no other proof offered on the motions by either party. But the Court overruled, first, the motion for leave to the late sheriff to amend; and secondly, the motion to consolidate; but the Court, on motion of the plaintiff then made, ordered the clerk to docket a case against the said Nelson and Ackerman jointly, which case is still pending.

To the overruling of the two motions the plaintiff excepted.

The Court rendered a verdict for the garnishee, and judgment was entered on the verdict. The plaintiff appealed.

The cause was argued before MILLER, YELLOTT, ROBINSON, RITCHIE, and BRYAN, J.

*M. S. Wiel*, and *M. A. Mullin*, for the appellant.

*A. H. Robertson*, and *George E. Nelson*, for the appellee.

ROBINSON, J., delivered the opinion of the Court.

On the 14th of September, 1882, an attachment was issued at the instance of the appellant, against the goods and property of George H. H. Condon. On the same day Condon conveyed all his property to George E. Nelson

and John H. V. Ackerman, for the benefit of creditors. After the payment of releasing creditors, the surplus if any, the grantor reserved to himself. The deed was therefore as to creditors void on its face.

The sheriff in his return says the attachment "was laid in the hands of John H. V. Ackerman on the 16th day of September, 1882," and "was also laid in the hands of George E. Nelson on the 19th day of September, 1882."

On the return of the attachment the garnishees appeared and pleaded separately, *non assumpsit* on behalf of the defendant, and *nulla bona* on their own behalf. Separate suits were docketed against them, and the cases were thus tried before the Court, without the intervention of a jury.

This appeal is from the rulings of the Court in the case against Ackerman. The proof shows there was no money or property of any kind in his hands liable to garnishment except the sum of one thousand dollars, being the proceeds of sale of property conveyed by the deed to Nelson and himself for the benefit of Condon's creditors. This being so, the liability of the appellee was *a joint,* and not a *several liability,* and as against him, the plaintiff in the attachment was not entitled to a *separate judgment.* The deed of trust was void it is true as against creditors, but it was binding on the grantor; and the grantees were not therefore separately liable as *tort feasors.* The money derived from the sales of the property conveyed by the deed, being in their joint possession as trustees, and their liability to the creditors being a joint and not a several liability, the attachment ought to have been laid in their hands jointly. The garnishee's prayer was therefore properly granted.

A motion was then made by the appellant to amend the sheriff's return, the effect of the amendment being to show that the attachment was in fact laid in the hands of Nelson and Ackerman jointly as trustees under the

deed. And in support of this motion he proved by Rose-man, the deputy sheriff who served the attachment, that prior to serving the same, the plaintiff's attorney gave him the following notice to· be served on Nelson and Ack-erman, and that the same was served on them with the attachment:

"Thomas O'Connell⎫        No. 5.
      *vs.*      ⎬
George H. H. Condon.⎭  *In the Superior Court.*
"To John H. V. Ackerman and George E. Nelson, Esqs.,
    Garnishees.

"Please take notice that the attachment laid in your hands in this case is intended to cover all money and properties of George H. H. Condon, in your possession or control as trustees or otherwise.   *    *    *
                Your ob't sev't,
                   Michael A. Mullin,
Sept. 16, 1882.          *Att'y for Thos. O'Connell."*

Now, although the sheriff's return as originally made was construed as showing that the attachment was laid in the hands of Nelson and Ackerman separately, the proof thus offered establishes beyond question that the attachment was in fact laid in their hands as trustees, and intended to reach the money and property in their hands as trustees or otherwise. The sheriff had the right unquestionably to amend his return, so as to make it con-form to the facts as they occurred, and the Court erred in overruling the motion to amend the same.

The judgment must therefore be reversed.

              *Judgment reversed, and*
                   *new trial awarded.*

(Decided 19th June, 1884.)