BRISTOL v. BRENT (ATCHISON, TOPEKA &
SANTA FE RAILWAY COMPANY, Garnishee).

No. 1977.   Decided April 20, 1909 (103 Pac. 1076).

1. APPEAL AND ERROR—HARMLESS ERROR—PARTY NOT ENTITLED TO
   SUCCEED.  If the trial court did not have jurisdiction of either
   the person of the garnishee or of the property, any errors in the
   proceedings leading up to the discharge of the garnishee were
   not prejudicial to plaintiff.  (Page 110.)

2. GARNISHMENT — RETURN — ESSENTIALS.  The return in garnish-
   ment proceedings should be indorsed upon the writ or annexed
   thereto, and should show that all has been done which the
   statute requires in the service of the writ, so that the proceed-
   ings are vitiated unless it shows due service upon the gar-
   nishee.  (Page 111.)

3. GARNISHMENT—PROCEEDINGS—EFFECT.  Under the statutes credits
   may be reached in two ways:  First, under Comp. Laws 1907,
   section 3073, subd. 6, by leaving with the debtor a copy of the
   attachment writ, with notice of attachment as provided therein,
   which method only prevents the debtor from disposing of the
   property, as is indicated by the provisions of sections 3074 and
   3075, or under section 3090, by having the writ of garnishment
   issued and served upon the debtor, which method requires the
   garnishee to answer, and places the debt in the custody of the
   law.  (Page 112.)

4. GARNISHMENT — PROCEEDINGS — SERVICE — SUFFICIENCY.    Under
   Comp. Laws 1907, section 3093, requiring a writ of garnishment
   to be served in the same manner as a summons in the action,
   section 2948, requiring the summons to be served by delivering
   a copy thereof to defendant, and section 3094, providing that
   the return of the garnishment writ showing due service on the
   garnishee shall give the court jurisdiction to proceed against
   him, a writ of garnishment must be served by delivering a copy
   thereof to the garnishee.  (Page 112.)

5. GARNISHMENT—PROCEEDINGS—PRESUMPTIONS.   There is no pre-
   sumption that the officer serving a writ of garnishment has
   done his duty, so that the return must affirmatively show that
   the writ was served as required by statute.  (Page 113.)

6. GARNISHMENT — JURISDICTION — WAIVER OF JURISDICTIONAL DE-
   FECTS—WAIVER BY VOLUNTARY APPEARANCE.  The garnishee can-
   not by voluntary appearance waive jurisdictional defects so as

to confer jurisdiction over the *res*, but can only waive such defects as affect him personally, and hence could object to the failure to make proper service upon him at any time, before the money was paid by him and applied to the judgment.†
(Page 113.)

7. JUDGMENT—JUDGMENT IN REM—JURISDICTION OF RES. In attachment proceedings against a nonresident defendant who is not personally served, the court must obtain jurisdiction of the property in order to render a valid judgment. (Page 114.)

8. GARNISHMENT—PROCEEDINGS—JURISDICTION. To confer jurisdiction in garnishment proceedings, there must be jurisdiction of the garnishee's person and jurisdiction of the debt of the garnishee to defendant, which constitutes the *res*. (Page 115.)

9. ATTACHMENT—NATURE OF REMEDY. A proceeding to attach property, either tangible or intangible, is essentially one *in rem*, brought against a thing within the jurisdiction of the court. (Page 115.)

10. COURTS—DICTA—MATTERS NOT NECESSARY TO DECISION. Where, in garnishment proceedings, the court had no jurisdiction of the *res*, so that any errors in the proceedings leading up to the discharge of the garnishee were immaterial, any discussion of such errors as well as the insufficiency of the service upon the garnishee would be *dicta*. (Page 119.)

11. GARNISHMENT—PROCEEDINGS—WAIVER OF DEFECTS—GENERAL APPEARANCE. Since a garnishee could by his general appearance waive any defect in the service so far as it affected him personally, it was immaterial, after appearance, whether the garnishee's officer who was served was an agent on whom service could be legally made. (Page 119.)

12. GARNISHMENT — PLEADING — AMENDMENT — DISCRETION OF COURT. Failure of the return in garnishment proceedings to show that the writ was served upon the garnishee by delivering a copy to him is a defect which may be cured by amendment upon application to the trial court; and, while the granting of such application rests somewhat in its sound discretion, the amendment should ordinarily be allowed if no intervening rights would be affected. (Page 120.)

13. APPEAL AND ERROR — DISPOSITION — REMAND WITH DIRECTIONS. Where the return in garnishment proceedings was not attacked below on the ground that it did not show proper service on the garnishee, upon which the decision on appeal is based, so

---

† Cole v. Sugar Co., 35 Utah 148, 99 Pac. 681.

that plaintiff had no opportunity to cure the defect by amendment, judgment discharging the garnishee will not be affirmed unconditionally, but the proceedings will be remanded, with instructions to vacate the order of discharge, and permit an amendment. (Page 120.)

APPEAL from District Court, Third District; *Hon. M. L. Ritchie,* Judge.

Action by G. E. Bristol against Noah Brent and Atchison, Topeka & Santa Fe Railway Company, garnishee.

Judgment discharging the garnishee. Plaintiff appeals.

REMANDED, with directions to set aside order discharging the garnishee, with permission to amend the return if amendable, and, if not, to dismiss.

*E. A. Walton* for appellant.

*Goodwin & Van Pelt* for respondent garnishee.

FRICK, J.

This case was before us on a motion to dismiss the appeal. (*Bristol v. Brent,* 35 Utah 213, 99 Pac. 1000.) The motion to dismiss was denied, and the parties at the last term of this court submitted the questions arising on the appeal. The appeal is from an order or judgment discharging the garnishee, and the facts upon which the order was based are sufficiently stated by Mr. Chief Justice Straup in his opinion on the motion to dismiss the appeal, to which reference is made.

The garnishee alone appears in the action. Counsel for garnishee, stating their contention in their own language, insist "that the want of jurisdiction both of the person of the garnishee and of the property attempted to be held appears upon the face of this record cannot be questioned." If this be so, the district court was without authority to proceed further with the case, and

hence whatever errors it committed in the proceedings leading up to the discharge of the garnishee are neither material nor prejudicial to appellant. Did the district court acquire jurisdiction of either the person of the garnishee or of the debt owing by it to the principal defendant, Noah Brent? As appears from the former opinion, appellant obtained a writ of attachment against Brent upon the sole ground that Brent was a nonresident of this state. The writ of attachment, as appears from the return of the officer, was never served; nor was there any tangible property attached. In connection with the writ of attachment, appellant also obtained a writ of garnishment, which, it is claimed, was properly served on the garnishee, and by virtue of this service it is contended the debt owing by the garnishee to Brent was attached, and the court thus acquired jurisdiction of the *res*. The whole question hinges upon whether the court thus acquired jurisdiction of the *res*.

The return of the officer showing service of the writ of garnishment, and this is the only service the officer made, is as follows:

"State of Utah, County of Salt Lake—ss: I hereby certify and return that I received the within and hereunto annexed writ of attachment on the 20th day of October, A. D. 1907, and by virtue of the same on the 20th day of October, A. D. 1907, I served a garnishment on the Atchison, Topeka and Santa Fe Railway Company, per C. F. Warren, Gen'l Agt., in the county and city of Salt Lake, state of Utah. At the same time I paid the garnishee fee of $2.00 and took receipt therefor which receipt is hereto attached and made a part of this return. Life of said writ having expired I now return same without further service by me. Dated Oct. 18, 1907. [Duly signed by sheriff.]"

Was this return of service of the writ of garnishment sufficient to invest the court with jurisdiction of the *res* so as to authorize it to proceed with the case? Rood on Garnishment, section 277, states the rule which is       2. almost universally applied by the courts in the following language:

"All that has been said of the service of the writ applies with equal force to the return, for the return is the officer's report of his doings under the writ. It should be indorsed upon the writ, or made upon a paper annexed thereto; for the writ and return constitute essentially one record, and must go together. Whatever the statute requires to be done in the service of the writ the return must show to have been done; and, unless it shows that due service has been made, the court has before it no proper evidence upon which to base any further proceedings. Its absence cannot be cured by the garnishee's signed admission of due service."

This return constitutes the evidence, and is the only proper evidence of service. The service, in order to invest the court with jurisdiction, must comply with the statute. Under our statutes debts or credits may be attached in two ways. By subdivision 6, section 3073, Comp. Laws 1907, it may be done by leaving with the person owing the debt a copy of the writ of attachment with a notice to such person that the debt has been attached. By following this method, however, the plaintiff in the action accomplishes nothing except to prevent the person who owes the debt or is in possession of property from disposing of it, or from surrendering possession thereof. This is made clear by sections 3074 and 3075. If the plaintiff desires to make the person owing the debt a party to the proceedings —that is, if it is desired to bring him into court so as to compel him to disclose by a proper answer—then the plaintiff may in connection with the writ of attachment, under section 3090, proceed and have a writ of garnishment issued and served upon the debtor of the defendant, and in that way not only attach the debt, but may also require such debtor to answer as garnishee, and thus place the debt into the custody of law. By section 3093 it is provided that a writ of garnishment must be served "in the same manner as a summons in the action." Section 2948 provides "the summons must be served by delivering a copy thereof," etc. Section 3094, among other things, provides that: "The return of the latter writ (garnishment) showing due service on the person therein named as garnishee shall give the court jurisdiction

to proceed against such garnishee as hereinafter provided." The writ of garnishment, therefore, must be served by delivering a copy thereof to the garnishee. The return of the officer who made the service of the writ of garnishment in this case does, therefore, not show a compliance with the statute. As we have seen from the quotation from Rood on Garnishment, *supra,* the statutory requirements with regard to service must be complied with in order to make a valid service. There is no "presumption that the officer has done his duty." (Rood on Garnishment, section 279.) Upon the face of the officer's return, therefore, it affirmatively appears that the writ of attachment was not served at all, while in disclosing the manner of service it does not appear that a copy of the writ of garnishment was delivered to the garnishee as required by our statute, and hence it affirmatively appears upon the face of the return that the writ was not served as provided by statute. The return, therefore, did not disclose "due service," which, it is provided by section 3094, *supra,* "shall give the court jurisdiction."

It is contended by counsel for appellant that the objections to the service and jurisdiction come too late, since they were not interposed until after the garnishee had appeared and answered to the writ of garnishment, and had by its answer admitted that it was indebted to the defendant; that by its appearance and answer the garnishee waived all defects, if any, in the service of the writ of garnishment, and thus conferred jurisdiction, not only over its person, but of the *res* as well. Upon this question the authorities are apparently in hopeless conflict. We have already held that the garnishee may not waive jurisdictional defects by a general appearance; that is, he cannot confer jurisdiction over the *res* by a voluntary appearance. (*Cole v. Utah Sugar Co.,* 35 Utah 148, 99 Pac. 681.) Respecting the effect of a general appearance by the garnishee the rule is stated in 20 Cyc. 1057, in the following language: "In the majority of jurisdictions the rule is laid

down that a voluntary general appearance on the part of the garnishee waives all irregularities in garnishment proceedings, such as defects in the writ or summons, or in its service, *at least in so far as the rights of the garnishee are thereby affected.*" (Italics ours.) In support of this text cases from twenty-two states are cited. We have carefully examined cases from every one of the jurisdictions, and have also examined others not referred to in Cyc. Many of the cases support the text not italicized as given in Cyc. in full, while a few of those cited support only that portion of the text which has been italicized. It is not practical to enter upon a review of all of the cases cited. We remark, however, that from a very careful examination of them we have become convinced that nearly all courts that have taken the pains to examine into the subject thoroughly refuse to enforce the doctrine of waiver except to the extent that the garnishee can waive such defects in process and service only as affect him personally, and cannot by any act of his either waive the rights of the defendant or confer jurisdiction over the *res.* The decided cases also disclose that the courts which extend the doctrine of waiver beyond this almost without an exception do so upon the general principle, namely, that a party by a general appearance waives defects in process and in the service thereof. If nothing were involved in attachment by garnishment except to obtain jurisdiction over the person of the garnishee, the doctrine announced by those courts would no doubt be sound. In attachment proceedings against a non-resident defendant where personal service on him is lacking it is elementary that the court must obtain jurisdiction of the property of the defendant. This in an ordinary attachment is obtained by a seizure of it by the officer, and this seizure places the property in the custody of the law to be so held until the court determines whether or not the plaintiff in the action is entitled to judgment in the main case. When this is determined and judgment is entered, then, and then only, can the property that has been seized be applied to the payment of the judgment. If the officer's

return, therefore, should disclose that he had not found nor seized any property of the defendant, and the record further disclosed that the defendant had not been served with process or that he had not appeared in the action, the court could proceed no further for want of jurisdiction. In case of an attachment of a debt by garnishment, the writ of garnishment performs the functions of a writ of attachment, and a debt owing by the garnishee to the defendant may be attached by due service of such writ upon the garnishee. In such a proceeding, in order to confer jurisdiction upon the court, two things are essential: (1) Jurisdiction of the person of the garnishee; and (2) jurisdiction of the debt owing by the garnishee to the defendant, which constitutes the *res*. A proceeding by which jurisdiction is sought by attaching property, whether tangible or intangible, such as a debt, is essentially a proceeding *in rem;* that is, a proceeding against a thing which is brought into the custody of the law and hence within the jurisdiction of the court. To place it into the custody of law and bring it within the jurisdiction of the court, the things which the law requires to be done must be done. If the law, therefore, requires personal service upon the garnishee by the delivery of a copy of the writ to him, this must be done in order to authorize the court to proceed against him. The regularity of this service, in so far as it is personal to the garnishee, may be waived by him, and he may appear before the court either in person or by answer if the law authorizes one to be made and filed, and thereby confer jurisdiction over his person. But, when the garnishee has thus conferred jurisdiction upon the court over his person, only one of the essential elements to its complete jurisdiction to proceed in the case is present. The other, jurisdiction over the *res,* is still lacking. While the defendant no doubt may insist that, unless the court have jurisdiction over the person of the garnishee, the debt owing from the garnishee to the defendant cannot be seized, yet the defendant cannot prevent the garnishee from waiving any defects in the service in so far as it affects merely the

jurisdiction of the court over the person of the garnishee. But when it affects the *res,* the very thing to be taken from the defendant, he may insist upon a full compliance with the law, and, without such compliance, the court can acquire no jurisdiction over it without the consent of the defendant. Whether the court has jurisdiction over the *res* or not therefore does not depend on whether the garnishee objects, but it depends entirely on whether the statute by virtue of which alone the court is authorized to act has been complied with. If the return of the officer discloses an essential defect in this regard, the court is without power to proceed, and hence should arrest the proceedings on its own motion.

After a very careful examination of all the authorities that we could find relating to the subject, and after mature consideration, we have come to the conclusion that the doctrine of waiver by the garnishee does not extend to jurisdictional defects, and that a failure to comply with the statute in making service upon the garnishee is jurisdictional for the reason that it is only by a strict compliance with the statute in respect to service that the court acquires jurisdiction of the debt owing by the garnishee to the defendant, and this debt constitutes the *res* which the garnishee may not voluntarily surrender or place in the custody of the law. It is the mandate of the law when complied with, and not the act of the garnishee, that confers jurisdiction upon the court over the *res.* While the garnishee may surrender his own person to the jurisdiction of the court, he may not voluntarily surrender the property of the defendant, although it be merely an intangible thing, such as a debt owing by the garnishee. Rood, in his excellent work on Garnishment, states the law upon this subject as follows:

"Sec. 268. The other proceedings being valid, due service of summons upon the garnishee is the commencement of a suit in the name of the plaintiff against him, and operates as an attachment, in his hands, of the property or debt alleged in the affidavit, and in respect of which he is summoned, placing it, substantially, *in custodia legis.*

"Sec. 269. It is also essential to the validity of the service that it be made in the manner prescribed by the statute under which

it issues, usually by reading or showing the original to the gar-
nishee, and giving him a marked or certified copy, together with
the statutory fee for his answer.

"Sec. 270. The garnishee may make many admissions and waivers
without endangering his protection. He may waive payment of
the fee allowed him by law, and his appearance and answer without
objection will cure all defects in the process which do not go to
the jurisdiction of the subject-matter.

"Sec. 271. Such waivers by the garnishee cure all defects in the
service or process as a personal summons, but not as an attach-
ment upon the property. Appearance and submission under void
service depend upon a personal right to waive service, which the
garnishee, as such, does not possess. He can waive his own rights,
but cannot waive the defendant's rights. He cannot, voluntarily
appear and substitute his creditor's creditor for his own because
that goes to jurisdiction of the subject-matter, not to jurisdiction
of the person. Fatal defects in the service or process cannot be
cured by any act of the garnishee."

"Sec. 275. But, the remedy being extraordinary, and so liable to
abuse and injustice, unless properly regulated, the courts enforce
a rigorous compliance with all the provisions of the statute; and
a failure in any will be fatal to the proceedings, and deprive the
court of jurisdiction if previously acquired. All rights acquired
under the proceedings depend upon compliance with the require-
ments of the statute."

In 20 Cyc. 1047, the rule is stated as follows:

"The service of a writ or summons in garnishment is regulated
entirely by statute, which must be strictly followed in order to con-
fer jurisdiction upon the court, and in the majority of jurisdictions
actual service upon the garnishee is required, and failure to com-
ply with the statute in respect to service is not waived by the vol-
untary appearance of the garnishee so as to confer jurisdiction upon
the court. However, the garnishee's appearance and answer without
objection will cure all defects in the service of the writ or sum-
mons which are not jurisdictional in their nature."

In 2 Shinn on Attachments, sec. 610, the author says:

"Garnishment is a compulsory novation which the law can alone
initiate by the intervention of its own substantial appointments.
The court does not obtain jurisdiction over the debt sought to be
seized without sufficient service upon the garnishee, for acceptance
of service by the garnishee is not an attachment. The garnishee
by appearing and answering cannot waive objections to the jurisdic-
tion."

Is it not pertinent to ask, if the garnishee cannot confer jurisdiction of the debt by a voluntary appearance, how can he do so by waiving defects in the service? The answer, to us at least, seems inevitable, namely, because the act of the garnishee is no substitute for what the statute requires in order to make a valid attachment of a debt, and unless and until the statute is complied with there is no attachment, and without an attachment there can be no jurisdiction of the *res.* The following cases will be found to support the doctrine as laid down by both Mr. Rood and Mr. Shinn: *Masterson v. Mo. Pac. Ry.,* 20 Mo. App. 653; *Fletcher v. Wear,* 81 Mo. 524-530; *Hackett v. Gihl,* 63 Mo. App. 447; *Altona v. Dabney,* 37 Or. 334, 62 Pac. 521; *Hebel v. Amazon Ins. Co.,* 33 Mich. 400; *McDonald v. Moore,* 65 Iowa 171, 21 N. W. 504; *Raymond v. Rockland Co.,* 40 Conn. 401; *Dunn v. Mo. Pac. Ry.,* 45 Mo. App. 29; *Phoenix Bridge Co. v. Street,* 9 Okl. 422, 60 Pac. 221; *McKenzie v. Ransom,* 22 Vt. 324. The last case cited is frequently classed among those which hold to the doctrine that the garnishee's general appearance waives all defects in process and service, and confers jurisdiction upon the court of the *res.* A mere cursory reading of the able opinion written by Mr. Justice Carpenter will disclose that the defect in that case was one merely personal to the garnishee, and that the reasoning of the case is clearly in harmony with the rule we have adopted in this case. The case of *Phoenix Bridge Co. v. Street, supra,* went off upon the proposition that the writ of garnishment was void, but in the opinion the doctrine we contend for is clearly supported. We mention these two cases because the question of waiver is discussed in them, but passed upon only indirectly. In all of the other cases cited the question of waiver is discussed, and it is held that whatever the statute requires to be done in order to effectuate an attachment by garnishment, whether it be in the service or otherwise, must be complied with; and, further, that the garnishee can waive defects in service or otherwise only in so far as it may affect him personally,

and that any waiver by him does not confer jurisdiction over the *res*, the debt.

From what we have said it follows that all the other assignments are of no importance. We have considered nothing except the proceedings up to and including the return of the officer. Since this return discloses that the court was without jurisdiction of the *res*, the errors complained of by appellant are wholly immaterial, and, if we attempted to discuss or pass upon them, anything we might say would be merely *dicta*. This is also true of the matters urged by the garnishee respecting the insufficiency of the service upon it. The garnishee could and did waive any defect in the service so far as it affected it by its general appearance. In view that the garnishee appeared generally, it is of no consequence whether the person served as "Gen'l Agt." was the proper person on whom service could legally be made or not. The objection urged by the appellant that the garnishee's objections to the jurisdiction come too late because made after a general appearance is not tenable. While the garnishee was precluded from objecting to the defect in service in so far as it related to the jurisdiction over it, yet, in so far as it related to the jurisdiction over the debt, it could as we view it object at any time before the money was paid by it and applied to the discharge of any judgment obtained in the action. After such judgment and application of the money, the garnishee would be estopped from reclaiming it, not because the court had acquired jurisdiction over the money, but because the payment by the garnishee would be tantamount to a voluntary payment which it could not recover back, and the defendant could then sue the garnishee and recover the amount so paid in an action against the garnishee. (*Cole v. Sugar Co., supra; Hebel v. Amazon Ins. Co., supra.*) Therefore, when by an inspection of the return it appeared to the district court that service had not been made of the writ of garnishment as required by statute, the only proper thing for it to do was to discharge the garnishee and refuse to proceed farther in the action until ju-

risdiction over the *res,* or over the person of the defendant, was acquired according to law. In view, however, that the return of the officer was not attacked upon the ground upon which the decision is based, and the attention of the trial court not having been directed to the defect in the return of service, and thus no opportunity having been given to the appellant to cure the defect in the service, an opportunity to do this should be given. If the service was in fact made in accordance with the provisions of the statute, then the court was deprived of the power to act, not because there was no valid service, but upon the sole ground that there was no evidence of that fact before the court authorizing it to proceed. Under the authorities such a defect is curable by proper amendment if application therefor is made to the trial court. As appears from the authorities, the application, to some extent at least, rests in the sound discretion of the trial court which should be exercised with some caution, and if, under the facts and circumstances, the court is satisfied that no intervening or other rights are affected by permitting an amendment, it should ordinarily be allowed. This doctrine is, we think, clearly sustained and fully illustrated in the following cases: *Fee v. K. C., Ft. S. & M. Ry.,* 58 Mo. App. 90; *Grocer Co. v. Carlson,* 67 Mo. App. 179; *Tennent-Stribbling Co. v. Hagardine Co.,* 58 Ill. App. 368; *Ware v. Bucksport, etc., Ry.,* 69 Me. 97; *O'Connell v. Ackerman,* 62 Mid. 337; *Brown v. Ellsworth,* 72 N. H. 186, 55 Atl. 356; *Bushnell v. Allen,* 48 Wis. 460, 4 N. W. 599; *O'Conner v. Wilson,* 57 Ill. 226.'

For the foregoing reasons, and upon the authorities cited, we are of the opinion that the order or judgment discharging the garnishee should not be unconditionally affirmed. It is therefore ordered that the case be remanded to the district court, with directions to set aside the order discharging the garnishee and to permit the appellant to amend the return of the officer showing the manner of service upon the garnishee, and, if the court is satisfied that the service was in fact made as required by statute, then the court shall pro-

ceed with the garnishment proceeding as if a proper service had been shown in the original return and pass upon the garnishee's objections in other respects, as none of these have been or could be decided by us. If the appellant shall fail or be unable to so amend the return as to show a statutory service as defined in this opinion, then the court is directed to finally discharge the garnishee and dismiss the garnishment proceeding, the respondent to recover costs.

STRAUP, C. J., and McCARTY, J., concur.