## No. 9085.

### KOUCLES *v.* THE PEOPLE.

CRIMINAL LAW—*Keeping Gambling Rooms.* The keeper of a pool hall licensed by a city, knowingly permitted several games for money to be played in his hall. *Held* liable to conviction under Rev. Stat. sec. 1790.

*Error to Las Animas District Court, Hon. A. Watson Mc-Hendrie, Judge.*

Mr. EARL COOLEY, for plaintiff in error.

Hon. FRED FARRAR, Attorney-General, Hon. LESLIE HUBBARD, Attorney-General, Mr. RALPH E. C. KERWIN, Assistant Attorney-General, for defendant in error, The People.

Opinion by Mr. Justice Allen.

THE plaintiff in error was convicted of keeping a gambling room. The prosecution was brought under section 1790 R. S. 1908 (Sec. 1922 Mills Ann. Sts. 1912), which provides, among other things, that "if any person shall keep any room * * * to be used or occupied for gambling, or shall knowingly permit the same to be used or occupied for gambling," he shall be fined or imprisoned, etc.

The information upon which defendant was tried contained one count, and alleged, in substance, that the defendant on March 4, 1916, at and within the county of Las Animas, kept a certain room, building and tenement to be used and occupied for gambling; and "did then and there unlawfully and knowingly permit the said room, building and tenement, so kept by him as aforesaid, to be used and occupied for gambling."

The assignments of error, to the extent that the same are argued, relates entirely to the sufficiency of the evidence to sustain a verdict of guilty.

The evidence shows that at the time named in the information, the plaintiff in error, defendant below, operated a pool hall in Trinidad. On the date mentioned two men played several games of "pay-ball" pool in the defendant's

place of business. In each of such games the players played for money. This was gambling on their part. *Everhart v. People,* 54 Colo. 272, 274, 103 Pac. 1076.

While the defendant denied having knowledge of the fact that the players were playing for money, there was evidence that he was aware of the fact and that he permitted the players to gamble.

It is not disputed that the evidence shows that the defendant was licensed to conduct a pool hall. This matter is dwelt upon at some length by plaintiff in error in his brief, but it is not shown, either in the argument or by the authorities cited, that this situation is material. The defendant while authorized under his license from the city of Trinidad to conduct a pool hall, was not thereby authorized to permit pool games to be played as gambling games. *Barker v. The State,* 12 Tex. 273. "The licensing of a pool or billiard table does not authorize betting at such table." *Hopkins v. State,* 122 Ga. 583, 50 S. E. 351, 69 L. R. A. 117, 2 A. & E. Ann. Cas. 617.

It is argued, or at least strongly intimated, in the brief of plaintiff in error, that a pool hall cannot be a "gambling hall," or a room kept or permitted to be used or occupied for gambling. It is universally held, however, that a proprietor of a pool hall is guilty of keeping a gaming house if he permits the players to play pool games for money. 12 R. C. L. 735, sec. 37; *State v. Book,* 41 Iowa 550, 20 Am. Rep. 609; *Hamilton v. The State,* 75 Ind. 586; note, 121 Am. St. Rep. 695, 19 L. R. A. (N. S.) 913.

The evidence was sufficient to support the verdict, and the judgment is therefore affirmed.

*Affirmed.*

Chief Justice Hill and Mr. Justice Bailey concur.