## GRAHAM v. HIDDEN LAKE COPPER CO. (BANK OF ST. GEORGE, Garnishee).

No. 3220. Decided Jan. 6, 1919. (178 Pac. 64.)

1. GARNISHMENT—APPEARANCE OF GARNISHEE—NECESSITY OF RETURN. While valid return showing service of writ of garnishment is essential to confer jurisdiction as to funds in the garnishee's hands, the garnishee may, by voluntarily answering, confer jurisdiction over its own person.[1] (Page 233.)

2. GARNISHMENT—RETURN. In garnishment proceedings, where the garnishee voluntarily answered and it was not shown that the garnishee or the defendant would be prejudiced by permitting filing of sheriff's return showing service of writ after motion was made to dismiss for want of jurisdiction because the return had not been filed, the court should have permitted the officer to make the return at that time. (Page 234.)

3. GARNISHMENT—SERVICE OF WRIT—RETURN. Since under Comp. Laws 1907, section 3090, as amended by Laws 1913, c. 94, the garnishee becomes liable from the time of service of the writ of garnishment, the plaintiff should not be deprived of any right by the sheriff's failure to make proper return of the service actually made. (Page 234.)

4. GARNISHMENT—SERVICE OF WRIT—NECESSITY OF RETURN. Comp. Laws 1907, section 3094, providing that upon return, the court may proceed to determine garnishment proceedings as herein provided, does not deprive court of jurisdiction, though there is no return, in view of section 3090 as amended by Laws 1913, c. 94, which makes the garnishee liable from the date of actual service, although until the return is filed the court may not proceed. (Page 234.)

5. GARNISHMENT—FAILURE TO MAKE RETURN—SUBSEQUENT FILING OF RETURN. In view of Comp. Laws 1907, section 3088, providing that plaintiff may amend any defect in complaint, affidavit, bond, writ, or other proceeding, where it did not appear that intervening rights would be affected by permitting filing of sheriff's return showing actual service of writ of garnishment, the garnishee having voluntarily answered, the court should have allowed the return to be filed, although defendant had moved to dismiss for lack of the return. (Page 234.)

6. GARNISHMENT—DEFECT OF PARTIES—POWERS OF COURT. That the property sought to be reached by garnishment is deposited in the

[1] *Cole* v. *Sugar Co.*, 35 Utah, 148, 99 Pac. 681; *Bristol* v. *Brent*, 36 Utah, 108, 103 Pac. 1076, 140 Am. St. Rep. 804, 21 Ann. Cas. 1125.

name of a person other than defendant is not material on issue whether return to writ should be permitted to be filed, since the court might, under Comp. Laws 1907, section 3101, cause such third person to be interpleaded. (Page 235.)

Appeal from the District Court of Washington County, Fifth District; *Hon. Geo. F. Goodwin,* Presiding Judge.

Action by Julia E. Graham against the Hidden Lake Copper Company, wherein the Bank of St. George was made a garnishee.

Judgment dismissing the garnishment proceedings. Plaintiff appeals.

REVERSED and remanded.

*Charles G. Y. Higgins* and *Chris Matheson* for appellant.

*Edmund H. Ryan* for respondent.

GIDEON, J.

On August 4, 1917, plaintiff filed her complaint in the district court of Washington County against the defendant copper company to recover for services rendered and merchandise sold to it, and on the same day filed the necessary affidavit and undertaking to entitle her to a writ of garnishment under the provisions of Comp. Laws 1907, section 3090, as amended by chapter 94, Laws·Utah 1913. On the same day it appears that the writ of garnishment was served upon the garnishee, Bank of St. George, by the sheriff of Washington County delivering a copy to one Arthur F. Miles, cashier of that bank. On the 14th day of the same month the cashier of the garnishee bank answered the interrogatories attached to the writ and made a part of the same, and the same was, on the said 14th day of August, filed with the clerk of the court issuing the writ. The garnishee, in answering, denied having in its possession any property belonging to the de-

fendant company. Thereafter plaintiff filed a reply to or traverse of the statements contained in the answer of the bank, and the matter came on for hearing before the court on the 22d day of November following. Prior to this date no one had appeared in the proceedings as attorney for the bank. On this date counsel appeared specially for the purpose of a motion to dismiss the proceedings, and, as stated in his own language, "to dismiss this matter as against the Bank of St. George, upon the ground and for the reason that the pleadings herein on the part of the plaintiff, Julia E. Graham, are not sufficient to entitle the plaintiff to the relief prayed for as against the Bank of St. George, or to authorize this court to enter any order which would be binding upon the Bank of St. George, or to give the court jurisdiction of the matter for any purpose, other than to dismiss the same as to the Bank of St. George." At that time, and before the ruling on the motion to dismiss, plaintiff's counsel asked leave to file proof of the service of the writ of garnishment. From such proposed proof of it appears that on the 4th day of August, 1917, the sheriff of Washington County served a copy of the writ of garnishment upon the cashier of the bank, and advised him at the time that the same was a writ of garnishment. Also it further appears from the proposed return that the cashier made answer to the writ of garnishment in the sheriff's hands on the 14th day of August, 1917, and that the answer was that there were no funds in the possession of the bank belonging to the defendant. The court refused permission to file the proof of service, sustained the bank's motion to dismiss the garnishment proceedings, and judgment was entered to that effect. From that judgment the plaintiff appeals and assigns as error: (a) The refusal of the court to permit plaintiff to file proof of service; (b) the order or judgment dismissing the action against the garnishee.

It does not appear in the record upon what ground the court sustained the motion to dismiss the action against the garnishee, but from the argument of respondent's brief it is inferable that the basis of the court's ruling was that the return of the sheriff showing service of the writ was jurisdictional, and without that the court had no jurisdiction over

the garnishee or any property it might have belonging to the defendant. Respondent (garnishee) relies upon the opinions of this court in *Cole* v. *Sugar Co.,* 35 Utah, 148, 99 Pac. 681; *Bristol* v. *Brent,* 36 Utah, 108, 103 Pac. 1076, 140 Am. St. Rep. 804, 21 Ann. Cas. 1125, to support the court's ruling.

It may be conceded upon authority of this court in *Bristol* v. *Brent,* supra, the garnishee could not by voluntary appearance in the garnishment proceedings, subject the respondent or property in its possession to the jurisdiction of the court. That is to say, in this case, that the garnishee bank could not, by voluntary appearance and answer, give the court jurisdiction over any property in its custody belonging to or being the property of the defendant company; but, under the authority of that case, the bank, as such garnshee, could, by such voluntary appearance and answer, give the court jurisdiction over the person of the garnishee, and such at least the bank did by filing an answer to the writ of garnishment served upon the cashier. The basis of the court's holding, both in the Cole Case and in *Bristol* v. *Brent,* supra, was that there had been no service, or, at least, no evidence of any legal service of the garnishment upon the garnishee in either of those cases. There was no pretense in the Cole Case that any writ of garnishment had been served whatever. Only the notice found on the back of the writ of attachment had been served upon some one in charge of the sugar company's office, directing him not to pay over or release any money in his possession to the defendant. Whereupon the sugar company voluntarily paid the money to the clerk of the court issuing such writ of attachment without making answer or without any further order or adjudication whatever respecting the right of the plaintiff in that action to receive payment. In the Brent Case the court determined that the return did not show any service of garnishment as required by the statute, and remanded the case, with directions to permit plaintiff, or, rather, the officer making the service, to amend the return to show the facts, and if such amendment established that such service as is required to give the court jurisdiction had been

made to proceed to determine the rights of the parties; otherwise, to dismiss the proceedings.

No reason is assigned why the court did not permit the filing of the return of the sheriff in this proceeding to show service of the writ upon the garnishee. Neither is there anything in the record which would indicate that either the bank or the defendant would be deprived of any right or suffer any wrong by reason of the failure of the officer to make return prior to the date set for hearing. The bank had, by its answer, submitted itself to the jurisdiction of the court, and while the court could not, without jurisdiction of the res, the real thing in controversy in proceedings of this character, proceed to enter judgment against the res, the court should, in the interest of justice and in an effort to determine the rights of the parties, have permitted the officers to make return at that time showing the service of the writ.

Under the provisions of the amendment in chapter 94, Laws Utah 1913, the garnishee became liable to the plaintiff from the time of the service of such writ to the amount of any property or indebtedness belonging to or due to the defendant, or in its custody or control, and is required to make answer to the writ showing such property or debt. It will thus be seen that service of the writ upon the garnishee made the garnishee liable for such property, and not the return which the officer is required to make to the court of the action taken by him in the service of the writ. The writ of garnishment is issued by the clerk of the court, and is to be served by the sheriff or officer of the court, and the plaintiff should not be deprived of whatever right, if any, that she may have against the garnishee by reason of the failure on the part of the court's officer to make return on the writ after service.

It is contended by respondent that under the provisions of Comp. Laws 1907, section 3094, a return was necessary, showing due service on the person named as garnishee before the court had jurisdiction of the garnishee or of any property in its hands belonging to the defendant. A reading of that section does not support that contention.

That section simply states that the return showing such service shall give the court jurisdiction to proceed against the garnishee as therein provided, but it does not provide that the property sought to be reached was not liable to the claims of the plaintiff until the return of the writ. Such property became liable from the date of service as provided in the second paragraph of chapter 94, Laws Utah 1913. True, the court could not proceed to determine the rights of the parties unless or until there was some evidence before it that process had been served upon the garnishee, but the garnishee was, nevertheless, bound to hold, for the benefit of the plaintiff, whatever property it had belonging to the defendant on the date of serving the writ. In the chapter providing for garnishment there is no time fixed when the officer shall make a return unless the provisions of section 3070, under "Attachments," should be construed in connection with the return to be made on a writ of garnishment. In that section it is provided that the return shall be made within twenty days after its receipt with a certificate of the officer's proceeding thereon or attached thereto. The garnishee having personally submitted itself to the jurisdiction of the court, and by reason of the provisions of. Comp. Laws 1907, section 3088, that the plaintiff shall be permitted to amend any defect in the complaint, affidavit, bond, writ, or other proceeding, and the further provision that if such defect can be amended so as to show that a legal cause existed at the time of the issuance of the writ, and especially where it does not appear that any intervening rights would be affected, the court, in our judgment, should have permitted the plaintiff to file proof of service and proceeded to determine the rights of the parties.

Some objection is made that the property sought to be reached was deposited in the name of some other person than the defendant. That is not material so far as the question to be determined on this appeal is concerned. If it should appear that other parties are necessary to a determination of the rights of the garnishee, the court has ample authority under section 3101 of the chapter re-

specting garnishments to cause such third party to be inter-pleaded and his rights protected.

It follows that the judgment should be reversed. It is so ordered. It is further ordered that the cause be, and the same is hereby, remanded to the district court of Washington County to permit the proof of service, and, if found that such service was made as is required by statute, to proceed to determine the rights of the parties and the matters involved. Appellant to recover costs against the garnishee.

FRICK, C. J., and CORFMAN and THURMAN, JJ., concur.

McCARTY, J., died after submission of this cause, and before the filing of the opinion.