IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| L. Lane Blackmore, et al., | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiffs and Appellees, | ) | Case No. 20100200-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (February 16, 2012) |
| L&D Development, Inc., et al., | ) | |
| | ) | 2012 UT App 43 |
| Defendants and Appellants. | ) | |

-----

Fifth District, St. George Department, 030501322
The Honorable James L. Shumate

Attorneys:    Lamar J. Winward, M. Eric Olmstead, and David L. Elmont, St. George;
Jeffrey Weston Shields and Jerome Romero, Salt Lake City, for
Appellants
Justin D. Heideman and R. Brett Evanson, Provo, for Appellees

-----

Before Judges Orme, Thorne, and Christiansen.

ORME, Judge:

¶1     Having been granted leave to do so, Defendants seek interlocutory review of the trial court's grant of a writ of attachment that transferred property and funds to Plaintiffs on the basis of, inter alia, Plaintiffs' substantial likelihood of success on their underlying breach of contract claims.  Finding fault with the trial court's earlier memorandum decision, Appellants argue that the trial court did not have a sufficient basis for concluding that Plaintiffs had a substantial likelihood of success.  Further, Defendants contend that even if the court had a valid basis for granting a writ of attachment, it was improper for the court to transfer the property and funds to Plaintiffs

outright rather than simply to sequester the assets pending the final outcome of the litigation. *See* Utah R. Civ. P. 64, 64A, 64C. We affirm the trial court's grant of a writ of attachment but vacate the remedy ordered to the extent that it exceeds the scope of a prejudgment writ of attachment.

¶2     The underlying memorandum decision is not directly before us in this appeal. Primarily because no error is manifest in the memorandum decision, which formed the basis for the trial court's "substantial likelihood" determination, Defendants have not persuaded us that the trial court erred in concluding that there was "a substantial likelihood that [Plaintiffs] will prevail on the merits of the underlying claim." Utah R. Civ. P. 64A(c)(3). Given that the requirements of rule 64A's subsections (c)(1) and (c)(2) were also met, and that subsections (c)(9) and (c)(10) apply, we decline to disturb the trial court's determination that issuance of a writ of attachment was proper. *See* Utah R. Civ. P. 64A.

¶3     However, the trial court went beyond the scope of a prejudgment writ of attachment in actually transferring the property and funds to Plaintiffs. The court instead should have sequestered the assets to protect Plaintiffs pending resolution of the case. We agree with the Utah Bankruptcy Court's explanation in *In re McNeely*, 51 B.R. 816 (Bankr. D. Utah 1985), that a writ of attachment is a "provisional remedy" that aims only to protect the property until final disposition of the case. *See id.* at 818. It has long been established in Utah that "an ordinary attachment is obtained by a seizure of [the property] by the officer, and this seizure places the property *in the custody of the law to be so held until the court determines whether or not the plaintiff in the action is entitled to judgment* in the main case." *Bristol v. Brent*, 36 Utah 108, 103 P. 1076, 1079 (1909) (emphasis added). Transferring the property to the Plaintiffs went beyond what was necessary to protect the property from dissipation during the ongoing litigation and thus went beyond what a prejudgment writ of attachment may lawfully do.[1]

---

[1]Although the court granted summary judgment to Plaintiffs on their contract claim, the judgment was not certified as final pursuant to rule 54(b) of the Utah Rules of Civil Procedure—and likely could not have been—and thus the scope of the trial court's writ cannot be affirmed on the theory that it was in essence a writ of execution. Functionally, it was. But execution cannot be premised on a nonfinal, interlocutory order. *See D'Aston v. Aston*, 844 P.2d 345, 349 (Utah Ct. App. 1992) ("[A] writ of

(continued...)

¶4    We affirm the trial court's grant of a prejudgment writ of attachment in favor of Plaintiffs. On remand, the trial court shall adjust the scope of the writ as mandated herein. The stay previously entered by this court shall remain in effect pending the trial court's opportunity to amend the writ as required.

_____
Gregory K. Orme, Judge

-----

¶5    WE CONCUR:

_____
William A. Thorne Jr., Judge

_____
Michele M. Christiansen, Judge

---

[1](...continued)
execution may only be issued on a 'final' judgment[.]"). *See also* Utah R. Civ. P. 54(b) (stating that unless entry of a final judgment is properly directed by the trial court in accordance with this rule, "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order . . . is subject to revision at any time before the entry of judgment").